UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| HOUSTON SHUTTERS LLC, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> UNITED STATES, : <br> : <br> Defendant. : | Court No. 24-00193 |

COMPLAINT

Plaintiff Houston Shutters LLC, by and through undersigned counsel, hereby alleges and states as follows:

ADMINISTRATIVE DECISION TO BE REVIEWED

1. Plaintiff contests the August 15, 2024, Determination Not to Initiate a Changed Circumstances Review ("CCR") issued by the U.S. Department of Commerce ("Commerce"), declining to initiate a CCR requested by Plaintiff to exclude wood shutter components from the scope of the antidumping duty ("AD") and countervailing duty ("CVD") orders on Wood Mouldings and Millwork Products from the People's Republic of China. See Letter from U.S. Department of Commerce to Houston Shutters LLC, "Wood Mouldings and Millwork Products from the People's Republic of China Changed Circumstances Review for Wood Shutter Components Scope Exclusion: Determination Not to Initiate a Changed Circumstances Review" (A-570-117, C-570-118) (Aug. 15, 2024) ("Determination Not to Initiate CCR").

JURISDICTION

2. The Court of International Trade has jurisdiction over Plaintiff's action pursuant to

28 U.S.C. § 1581(i)(1)(B) and/or 28 U.S.C. § 1581(i)(1)(D), because it sets forth claims against the United States arising out of the laws of the United States providing for duties on imports "for reasons other than the raising of revenue," as well as the "administration and enforcement" by Commerce of such "matters." Commerce's determination not to initiate a CCR is "a final determination, other than a {Final ADD/CVD investigation} determination, by {Commerce} . . . under section 1675 of this title." 19 U.S.C. § 1516a(a)(2)(B)(iii). However, a determination by Commerce – as contrasted with a determination by the U.S. International Trade Commission – "not to review a determination based on changed circumstances" does not appear to be enumerated as an appealable determination under 19 USC § 1516a(a). The Court of International Trade has accordingly recognized jurisdiction lies under 28 U.S.C. § 1581(i) for appeals of Commerce determinations not to initiate CCRs. *See e.g., Greenfirst Forest Prods. Inc. v. United States*, 604 F. Supp. 3d 1368, 1370 (CIT 2022). Alternatively, if jurisdiction is available under a different provision of 28 USC § 1581, the Court of International Trade has jurisdiction over this action under 28 U.S.C. § 1581(i)(1)(B) and (D) because the remedy provided under such a provision would be manifestly inadequate.

## STANDING OF PLAINTIFF

3.     Plaintiff is the U.S. importer of wood shutter components from China, and Plaintiff requested the CCR that resulted in the contested determination. Plaintiff therefore is a party to the proceeding and is entitled to commence this civil action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(a)(2)(B)(vi) and (d).

## TIMELINESS OF THE ACTION

4.     A plaintiff must commence an action under 28 U.S.C. § 1581(i)(1)(B) "within two

years after the cause of action first accrues." 28 U.S.C. § 2636(i). The instant action contests Commerce's denial of Plaintiff's Request for CCR. On August 15, 2024, Commerce issued its Determination Not to Initiate a CCR requested by Plaintiff seeking to exclude wood shutter components from the scope of the AD/CVD Orders on Wood Mouldings and Millwork Products from China, via posting on its Antidumping Duty and Countervailing Duty Centralized Electronic Service System ("ACCESS"). This Summons and Complaint being filed today, therefore, are timely filed within the time specified in 28 U.S.C. § 2636(i), having been filed within two years after Plaintiff's cause of action accrued.

## BACKGROUND

5. In February 2021, Commerce published AD/CVD orders on Wood Mouldings and Millwork Products from China. *Wood Mouldings and Millwork Products from the People's Republic of China: Amended Final Antidumping Duty Determination and Antidumping Duty Order,* 86 Fed. Reg. 9486 (Feb. 16, 2021); *Wood Mouldings and Millwork Products from the People's Republic of China: Countervailing Duty Order*, 86 Fed. Reg. 9484 (Feb. 16, 2021) (collectively, the "AD/CVD Orders").

6. The scope of the AD/CVD Orders is as follows:

> The merchandise subject to this order consists of wood mouldings and millwork products that are made of wood (regardless of wood species), bamboo, laminated veneer lumber (LVL), or of wood and composite materials (where the composite materials make up less than 50 percent of the total merchandise), and which are continuously shaped wood or finger-jointed or edge-glued moulding or millwork blanks (whether or not resawn). The merchandise subject to this order can be continuously shaped along any of its edges, ends, or faces.

> The percentage of composite materials contained in a wood moulding or millwork product is measured by length, except when the composite material is a coating or cladding. Wood mouldings and millwork products that are coated or clad, even along their entire length, with a composite material, but that are otherwise comprised of wood, LVL, or wood and composite materials (where the non-

coating composite materials make up 50 percent or less of the total merchandise) are covered by the scope.

The merchandise subject to this order consists of wood, LVL, bamboo, or a combination of wood and composite materials that is continuously shaped throughout its length (with the exception of any endwork/dados), profiled wood having a repetitive design in relief, similar milled wood architectural accessories, such as rosettes and plinth blocks, and finger-jointed or edge-glued moulding or millwork blanks (whether or not resawn). The scope includes continuously shaped wood in the forms of dowels, building components such as interior paneling and jamb parts, and door components such as rails, stiles, interior and exterior door frames or jambs (including split, flat, stop applied, single- or double-rabbeted), frame or jamb kits, and packaged door frame trim or casing sets, whether or not the door components are imported as part of a door kit or set.

The covered products may be solid wood, laminated, finger-jointed, edge-glued, face-glued, or otherwise joined in the production or remanufacturing process and are covered by the scope whether imported raw, coated (*e.g.,* gesso, polymer, or plastic), primed, painted, stained, wrapped (paper or vinyl overlay), any combination of the aforementioned surface coatings, treated, or which incorporate rot-resistant elements (whether wood or composite). The covered products are covered by the scope whether or not any surface coating(s) or covers obscure the grain, textures, or markings of the wood, whether or not they are ready for use or require final machining (*e.g.,* endwork/dado, hinge/strike machining, weatherstrip or application thereof, mitre) or packaging.

All wood mouldings and millwork products are included within the scope even if they are trimmed; cut-to-size; notched; punched; drilled; or have undergone other forms of minor processing.

Subject merchandise also includes wood mouldings and millwork products that have been further processed in a third country, including but not limited to trimming, cutting, notching, punching, drilling, coating, or any other processing that would not otherwise remove the merchandise from the scope of this order if performed in the country of manufacture of the in-scope product.

Excluded from the scope of this order are countertop/butcherblocks imported as a full countertop/butcherblock panel, exterior fencing, exterior decking and exterior siding products (including solid wood siding, non-wood siding (*e.g.,* composite or cement), and shingles) that are not LVL or finger jointed; finished and unfinished doors; flooring; parts of stair steps (including newel posts, balusters, easing, gooseneck, risers, treads, rail fittings and stair stringers); picture frame components three feet and under in individual lengths; and lumber whether solid, finger-jointed, or edge-glued. To be excluded from the scope, finger-jointed or edge-glued lumber must have a nominal thickness of 1.5 inches or greater and a certification stamp from an American Lumber Standard Committee-certified

grading agency. The exclusion for lumber whether solid, finger-jointed, or edge-glued does not apply to screen/"surfaced on 4 sides" (S4S) and/or "surface 1 side, 2 edges" (SlS2E) stock (also called boards) that are finger-jointed and/or edge-glued, or to finger-jointed and/or edge-glued moulding or millwork blanks (whether or not resawn). Accordingly, S4S and S1S2E stock/boards that are not finger-jointed or edge-glued are excluded from the scope of this order.

Excluded from the scope of this order are all products covered by the scope of the countervailing duty order on *Hardwood Plywood from the People's Republic of China. See Certain Hardwood Plywood Products from the People's Republic of China: Countervailing Duty Order,* 83 FR 513 (January 4, 2018).

Excluded from the scope of this order are all products covered by the scope of the countervailing duty order on *Multilayered Wood Flooring from the People's Republic of China. See Multilayered Wood Flooring from the People's Republic of China: Countervailing Duty Order,* 76 FR 76693 (December 8, 2011).

Excluded from the scope of this order are all products covered by the scope of the countervailing duty order on *Wooden Cabinets and Vanities from the People's Republic of China. See Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China: Countervailing Duty Order,* 85 FR 22134 (April 21, 2020).

Imports of wood mouldings and millwork products are primarily entered under the following Harmonized Tariff Schedule of the United States (HTSUS) numbers: 4409.10.4010, 4409.10.4090, 4409.10.4500, 4409.10.5000, 4409.22.4000, 4409.22.5000, 4409.29.4100, and 4409.29.5100. Imports of wood mouldings and millwork products may also enter under HTSUS numbers: 4409.10.6000, 4409.10.6500, 4409.22.6000, 4409.22.6500, 4409.29.6100, 4409.29.6600, 4418.20.4000, 4418.20.8030, 4418.20.8060, 4418.99.9095 and 4421.99.9780. While the HTSUS subheadings are provided for convenience and customs purposes, the written description of the scope of the order is dispositive.

AD/CVD Orders, 86 Fed. Reg. at 9485-86, 9488-89.

7.      During the course of the AD/CVD investigations that led to issuance of the AD/CVD Orders, Lanzhou Xinyoulian Industrial Co., Ltd. ("Lanzhou") in March 2020 requested that Commerce exclude wood shutter components from the scope, in an attempt to determine whether Lanzhou's exclusion request had merit. Letter from Craven Trade Law LLC to U.S. Department of Commerce (Mar. 3, 2020). Commerce in June 2020 issued Lanzhou a Request for Additional

Information. Letter from U.S. Department of Commerce to Craven Trade Law LLC (June 11, 2020). Lanzhou did not respond to Commerce's request.

8.       Commerce during the course of the AD/CVD investigations that led to issuance of the AD/CVD Orders found that wood shutter components were covered by the scope based on Lanzhou not having provided the information requested. U.S. Department of Commerce Preliminary Scope Decision Memorandum (Aug. 5, 2020), at 37-38.

9.       Congress has by statute specifically authorized and compelled Commerce to conduct CCRs:

> **REVIEWS BASED ON CHANGED CIRCUMSTANCES**
>
> (1) IN GENERAL **Whenever {Commerce} receives information** concerning, or a request from an interested party for a review of—
>
> (C) . . . a final affirmative determination resulting from an investigation continued pursuant to section 1671c(g) or 1673c(g) of this title,
>
> **which shows changed circumstances sufficient to warrant a review** of such . . . agreement**, {Commerce} shall conduct a review** of the determination or agreement after publishing notice of the review in the Federal Register.

19 U.S.C. § 1675(b) (emphases added).

10.      Plaintiff on July 15, 2024, filed its CCR request seeking to exclude wood shutter components from the scope of the AD/CVD orders. Letter from Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP to U.S. Department of Commerce (July 15, 2024) ("CCR Request"). Plaintiff provided the information that Commerce had previously requested from Lanzhou, and further demonstrated that the requested exclusion was readily administrable, not susceptible to circumvention, and would not harm Petitioners. CCR Request at 1-39, Exhibits 1-50 & VID-1–8.

11.      Petitioner Coalition of American Millwork Producers ("CAMP") on July 25, 2024, filed an opposition to Plaintiff's CCR Request, claiming its members manufacture wood shutter

components and are interested in keeping those products covered by the AD/CVD orders. Letter from Wiley Rein LLP to U.S. Department of Commerce (July 25, 2024). Plaintiff on July 31, 2024, filed a rebuttal: providing doubt as to the bases for CAMP's opposition; alerting Commerce that CAMP did not acknowledge the CCR Request substance that should have alleviated Petitioner concerns; and emphasizing the lack of an accompanying certification from CAMP. Letter from Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP to U.S. Department of Commerce (July 31, 2024).

12. Commerce on August 6, 2024, requested that CAMP refile its opposition with the necessary certification. Letter from U.S. Department of Commerce to Wiley Rein LLP (Aug. 6, 2024). CAMP on August 9, 2024, resubmitted its opposition with an accompanying certification. Letter from Wiley Rein LLP to U.S. Department of Commerce (Aug. 9, 2024).

13. Commerce on August 15, 2024, issued its Determination Not to Initiate CCR.

## STATEMENT OF CLAIMS

### COUNT ONE (Unlawful Failure to Initiate CCR)

14. Paragraphs 1 to 13 are adopted and incorporated herein by reference.

15. In its CCR Request, Plaintiff provided information "which shows changed circumstances sufficient to warrant a review" of the AD/CVD Orders' scope with respect to wood shutter components. 19 U.S.C. § 1675(b)(1). In issuing its Determination Not to Initiate CCR, Commerce violated its statutory mandate that it "**shall** conduct a review." *Id*. (emphases added). This statutory language is unambiguous and, to the extent there is ambiguity, the U.S. Supreme Court recently confirmed that agencies are not entitled to deference when interpreting statutory provisions. *Loper Bright Enter. v. Raimondo*, 144 S. Ct. 2244 (June 28, 2024).

16. In issuing its Determination Not to Initiate CCR, Commerce improperly declined to engage with the substance of Plaintiff's CCR Request. Plaintiff provided extensive information, including that which was requested by Commerce of Lanzhou during the investigation, as well as evidence establishing that the requested scope exclusion was administrable. Commerce was legally required to have initiated the CCR in order to evaluate the plethora of information provided by Plaintiff and the propriety of excluding wood shutter components from the AD/CVD Orders' scope.

17. In issuing its Determination Not to Initiate CCR based on CAMP's opposition, Commerce improperly declined to request more of CAMP beyond providing a certification to accompany its opposition. Plaintiff cast sufficient doubt on the information contained in CAMP's opposition. Commerce was legally required have initiated the CCR to evaluate CAMP's opposition and the propriety of excluding wood shutter components, and to create a full record in order to make a substantive decision on Plaintiff's request

18. Commerce's Determination Not to Initiate CCR is unsupported by substantial evidence, unreasonable, arbitrary, capricious, and otherwise not accordance with law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

(a) Hold that Commerce's Determination Not to Initiate CCR is not in accordance with law, arbitrary, capricious, and unsupported by substantial record evidence with respect to the claims advanced in this Complaint;

(b) Remand the Determination Not to Initiate CCR to Commerce to initiate a CCR as requested by Plaintiff seeking to exclude wood shutter components from the AD/CVD Orders' scope, consistent with the opinion of this Court; and

(c)     provide such other and further relief as the Court deems just and proper.

>Respectfully submitted,
>
>/s/ Jodan C. Kahn
>Alan R. Klestadt
>Jordan C. Kahn*
>
>GRUNFELD, DESIDERIO, LEBOWITZ SILVERMAN & KLESTADT LLP
>
>599 Lexington Avenue-36th Floor
>New York, NY  10022
>(212) 557-4400
>
>**
>
>*1201 New York Ave., NW, Suite 650
>Washington, DC 20005
>(202) 783-6881

Dated:  October 16, 2024

12956449_1                               9