IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE LEO M. GORDON, SENIOR JUDGE

|  |  |  |
|---|---|---|
| HOUSTON SHUTTERS, LLC | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Court No. 24-00193 |
| UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of International Trade (USCIT), defendant, the United States, respectfully requests that the Court dismiss the complaint (complaint or Compl.) filed by plaintiff Houston Shutters, LLC (Houston Shutters), *see* ECF No. 2, for lack of subject-matter jurisdiction.  The Court lacks jurisdiction to entertain this 28 U.S.C. § 1581(i) action because the true nature of Houston Shutters' challenge, as alleged in the complaint, is a challenge to a scope determination that Commerce made during the antidumping and countervailing duty investigations on wood mouldings and millwork products (millwork products) from the People's Republic of China (China).  Houston Shutters could have challenged this scope determination under 28 U.S.C. § 1581(c).  Having failed to do so, Houston Shutters cannot now avail itself of this court's residual jurisdiction under section 1581(i).

**FACTS AND PROCEDURAL BACKGROUND**

**I.      AD and CVD Investigations And Scope Determinations**

On January 8, 2020, Commerce received an antidumping duty (AD) petition and countervailing duty (CVD) petition from the Coalition of Millwork Producers (CAMP), a

coalition of domestic producers of millwork products, alleging that millwork products from the People's Republic of China (China) were being unlawfully dumped and subsidized.  *See* Appx1, Appx4.  The AD and CVD petition listed Houston Shutters as a known importer of millwork products.  Appx89.

Finding that the petitions were filed by the domestic industry and with sufficient industry support, Commerce initiated AD and CVD investigations into millwork products imported from China.  85 Fed. Reg. 6,502; 85 Fed. Reg. 6,513.[1]  In the initiation notices, Commerce published the proposed scope of its investigations and invited interested parties to submit comments regarding the scope.  85 Fed. Reg. at 6,503; 85 Fed. Reg. at 6,514.

In response, one interested party, Lanzhou Xinyoulian Industrial Co., Ltd. (Lanzhou), which is a Chinese manufacturer of timber products, submitted comments requesting that Commerce find wood shutter components are not included within the scope of the investigations.  *See* Appx168.  In its March 3, 2020 submission, Lanzhou argued that wood shutter components are a separate and distinct product from in-scope merchandise.  *Id*.  Lanzhou noted that wood shutter components are typically made from basswood, poplar and paulownia, while millwork products are made from solid woods like pine and fir.  Appx168-169; Appx228-229.  Lanzhou also noted in its submission that wood shutter components are painted on all four-sides while millwork products are usually painted on three sides and that wood shutter components and millwork products are predominantly classified under different HTSUS codes.  Appx169, Appx172, Appx229.  Lanzhou also argued that the members of CAMP do not predominantly

---

[1] The AD investigation covered imports of millwork products from China and Brazil.  The CVD investigation only concerned imports of millwork products from China.

2

produce or sell wood shutter components, and that wood shutter components do not compete with the millwork products sold by members of CAMP.  Appx172-73, Appx229.

CAMP submitted rebuttal comments arguing that wood shutter components fall within the scope of millwork products because there is no practical way to distinguish wood shutter components from other in-scope products, which have an extremely similar production process and can also be made from basswood, poplar and paulownia.  Appx229-30.  CAMP also argued that domestic producers who manufacture wood shutter components are being injured by unfairly traded wood shutter components from China.  *Id*.  CAMP cited Menzner Hardwoods and Powell Valley Millwork as two domestic producers of wood shutter components.  *Id*.  No other interested party submitted comments regarding whether wood shutter components were within the scope of the investigations or otherwise sought to exclude wood shutter components from the scope of the investigations.

In June 2020, Commerce requested that Lanzhou submit further details explaining how wood shutter components are distinguishable from in-scope products, specifically regarding "definitions of terms, standards or labeling conventions, dimensions, and detailed descriptions of all physical characteristics."  Appx193.  However, Lanzhou did not respond to Commerce's letter and did not submit any additional comments regarding wooden shutter components.

In its preliminary scope determination, Commerce concluded that wood shutter components fell within the scope of the millwork products that were the subject of the AD and CVD investigations and invited interested parties to submit scope case briefs following the preliminary determinations of the AD and CVD investigations.  Appx230-31.  No party submitted a scope case brief addressing whether wood shutter components should fall within the scope of the proposed AD and CVD orders following Commerce's preliminary determination.

With respect to wood shutter components, Commerce adopted the scope findings from its preliminary determination in its final scope determination. *See* Appx494-95, Appx513. On February 16, 2021, Commerce published antidumping and countervailing duty orders on millwork products from China falling within the scope set in the final scope determination. *See* 86 Fed. Reg. 9,486; 86 Fed. Reg. 9,484.

## II. <u>Houston Shutters' Request For A Changed Circumstances Review</u>

On July 15, 2024, more than three years after Commerce published the AD and CVD orders, Houston Shutters, a U.S. manufacturer of premium wood shutters and importer of wood shutter components from China, requested that Commerce initiate a changed circumstances review (CCR) to exclude wood shutter components from the scope of the *Orders*. Appx521-22. In support, Houston Shutters provided information, which it argued was, responsive to what Commerce had sought, but did not receive, from Lanzhou during the investigations. Houston Shutters further argued that in light of this "new information," Commerce should find that wood shutter components are excluded from the scope of the orders. *See generally id.*

Additionally, Houston Shutters argued that CAMP's comments in 2020 offered insufficient proof that Menzner Hardwoods and Powell Valley Millwork were injured by millwork products from China because Menzer Hardwoods did not appear to produce wood shutter components and while Powell Valley Millwork appeared to sell wood shutter components, CAMP did not have an understanding that Powell Valley Millwork produced wooden shutter components in "commercial quantities." Appx555.

In August 2024, Commerce denied Houston Shutters' request to initiate a changed circumstances review, treating the request as a "no-interest" CCR, which allows Commerce to revoke an order in whole or in part if producers accounting for substantially all of the production of the domestic like product have expressed a lack of interest in the order, in whole or in part.

4

*See* Appx563-64 (citing 19 U.S.C. § 1677m(h)(2) and 19 C.F.R. § 351.222(g)(1)(i)).  Because CAMP had filed comments expressing a continued interest in maintaining the orders with respect to wood shutter components, Commerce concluded that CAMP still possessed an interest in maintaining the orders with respect to wood shutter components.  Commerce also explained that even if Houston Shutters was correct that CAMP does not include domestic manufacturers of wood shutter components specifically, that does not necessarily mean that the petitioner lacks interest in continuing to have such products covered by the scope of the orders.  Appx564.  Commerce explained that the domestic industry need not produce every article covered under an AD or CVD order and that while a petitioner is required to produce the domestic like product, its members need not produce every permutation or model of the domestic like product.  *Id*.  Accordingly, Commerce found no change in CAMP's interest in covering wood shutter components and found that Houston Shutters had not demonstrated that changed circumstances exist to warrant a review pursuant to 19 U.S.C. § 1675(b).

**III.   Complaint**

On October 16, 2024, Houston Shutters filed a complaint in this Court "contest{ing} the August 15, 2024, Determination Not to Initiate a {CCR} issued by the U.S. Department of Commerce . . . ."  Compl. ¶1.  Houston Shutters alleges in its complaint that it filed its CCR initiation request for the purpose of "seeking to exclude wood shutter components from the scope of the AD/CVD orders."  Compl. ¶10.  Houston Shutters further alleges that its CCR initiation request provided the information "Commerce had previously requested from Lanzhou {in 2020}, and further demonstrated that the requested exclusion was readily administrable, not susceptible to circumvention, and would not harm Petitioners . . . ."  *Id*.  Houston Shutters also alleges that "Commerce was legally required to have initiated the CCR in order to evaluate the plethora of information provided by Plaintiff and the propriety of excluding wood shutter components from

5

the AD/CVD Orders' scope . . . ." Compl. ¶16. Houston Shutters also restates the scope language from the final AD and CVD orders, which occupies more than one-third of the total content of the complaint. *See* Compl. ¶6.

## ARGUMENT

### I. Legal Standard

It is well established that "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). To adjudicate a case, a court must have subject-matter jurisdiction over the claims presented. "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). A party seeking to invoke the Court's jurisdiction has the burden of establishing that jurisdiction exists. *Norsk Hydro Can., Inc. v. United States*, 472 F.3d 1347, 1355 (Fed. Cir. 2006); *see also Coal. for Fair Trade in Garlic v. United States*, 312 F. Supp. 3d 1372, 1376 (Ct. Int'l Trade 2018) (applying standard in section 1581(i) case); *Nat'l Nail Corp. v. United States*, 335 F. Supp. 3d 1321, 1325 (Ct. Int'l Trade 2018) (same).

When, as here, a "motion challenges a complaint's allegations of jurisdiction, the factual allegations in the complaint are not controlling and only uncontroverted factual allegations are accepted as true." *Nat'l Nail Corp.*, 335 F. Supp. 3d at 1325 (quoting *Shoshone Indian Tribe of Wind River Reservation, Wyo. v. United States*, 672 F.3d 1021, 1030 (Fed. Cir. 2012) (footnote omitted)).[2] To "resolv[e] these disputed predicate jurisdictional facts, a court is not restricted to

---

[2] The Appendix we have attached to this motion contain documents that relate to such jurisdictional facts.

6

the face of the pleadings, but may review evidence extrinsic to the pleadings." *Id.* (internal quotation marks and citation omitted).

Specific jurisdictional rules apply to actions brought under 28 U.S.C. § 1581(i). Section 1581(i) states that the court possesses jurisdiction to hear "any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for . . . tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue." 28 U.S.C. § 1581(i). However, section 1581(i) further states that this jurisdictional grant "shall not confer jurisdiction over an antidumping or countervailing duty determination which is reviewable [ ] by the Court of International Trade under section 516A(a) of the Tariff Act of 1930[, as amended, 19 U.S.C. § 1516a(a) ] . . . ." *Id*. In other words, as the Court of Appeals for the Federal Circuit has explained, "[s]ection 1581(i) embodies a 'residual' grant of jurisdiction, and may not be invoked when jurisdiction under another subsection of § 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate." *Sunpreme Inc. v. United States*, 892 F.3d 1186, 1191 (Fed. Cir. 2018). To be manifestly inadequate, the remedy provided under another subsection of § 1581 "must be an 'exercise in futility, or incapable of producing any result . . .'" *Id*. at 1193-94 (quoting *Hartford Fire Ins. Co. v. United States*, 544 F.3d 1289, 1295 (Fed. Cir. 2008)). And a plaintiff bears the burden of proving that proceedings reviewable under 28 U.S.C. § 1581(c) were either unavailable or manifestly inadequate to address its claims. *See TR Int'l Trading Co., Inc. v. United States*, 4 F.4th 1363, 1368 (Fed. Cir. 2021). In assessing the relevant jurisdictional basis, moreover, the Court must "look to the true nature of the action." *Sunpreme*, 892 F.3d at 1193 (citation omitted) (denying 1581(i) jurisdiction when complaint sought relief

7

associated with review of adverse scope ruling under Court's 1581(c) jurisdiction and plaintiff had not obtained such a scope ruling); *see also Nat'l Nail Corp.*, 335 F. Supp. 3d at 1326.

## II. The Court Lacks Subject Matter Jurisdiction Because Houston Shutters' Challenge Could Have Been Brought During The Investigation Under Section 1581(c)

Houston Shutters cannot invoke jurisdiction under subsection 1581(i) in this matter because the true nature of Houston Shutters' action is a challenge to Commerce's determination in the underlying antidumping and countervailing duty investigations that wood shutter components are covered by the scope of the orders. Because Houston Shutters could have challenged that decision before this Court pursuant to this Court's jurisdiction under section 1581(c), Houston Shutters is barred from pursuing a 1581(i) case instead. *See* 28 U.S.C. § 1581(i); 19 U.S.C. § 1516a(a)(2)(B)(i) (providing section 1581(c) jurisdiction over Commerce's affirmative final determinations in investigations); *Sunpreme*, 892 F.3d at 1191.

That Houston Shutters characterizes its claim as a request to initiate a CCR as opposed to a challenge to the scope set in the investigations of these proceedings is irrelevant. This is because "[a] party may not expand a court's jurisdiction by creative pleading." *Sunpreme*, 892 F.3d at 1193 (quoting *Norsk Hydro*, 472 F.3d at 1355). Instead, the Court must "look to the true nature of the action . . . in determining jurisdiction of the appeal." *Id*. (quoting same). Indeed, the Federal Circuit has held multiple times that "recasting a scope dispute" as another type of challenge when the true nature of the action is a "scope dispute" does not create § 1581(i) jurisdiction*. See*, *e.g.*, *TR Int'l Trading*, 4 F.4th at 1369; *Sunpreme*, 892 F.3d at 1193-94; *see also Wanxiang Am. Corp. v. United States*, 12 F.4th 1369, 1375 (Fed. Cir. 2021) ("Despite {the language of the} pleading, it was clear that {the plaintiff} sought 'a decision that its products {we}re not subject to the scope of the {antidumping duty} orders,' so we reversed the CIT's exercise of § 1581(i) jurisdiction because {the plaintiff} had available to it relief under § 1581(c)

8

. . .") (summarizing and quoting *Sunpreme*, 892 F.3d at 1193-94); *Fujitsu Ten Corp. of Am. v. United States*, 957 F. Supp. 245, 250 (Ct. Int'l Trade 1997) (holding that plaintiff could not pursue (i) claim when it failed to pursue scope claim prior to liquidation), *aff'd sub nom. Sandvik Steel*, 164 F.3d at 602.

The true nature of what Houston Shutters seeks is reconsideration of whether the scope of the AD and CVD orders on millwork products from China should cover wood shutter components. Indeed, Houston Shutters specifically argues that Commerce was required to evaluate "the propriety of excluding wood shutter components from the AD/CVD Orders' scope" in its complaint and in the CCR initiation request it filed with Commerce. *See* Compl. at ¶16; *see also* Compl. at ¶¶ 1, 10, 15; Appx521-22, Appx557-59. Houston Shutters also spends nearly all of its 42-page request to initiate a CCR attempting to distinguish wood shutter components from wood millwork products and providing information it claims would have been responsive to a 2020 Commerce inquiry regarding a scope exclusion request made by Lanzhou. However, these claims should have been brought at the time that Commerce made its scope determination in the investigations and not several years later as a section 1581(i) action.

Although Houston Shutters was not a party to the original proceeding, it asserts standing in this case on the basis that it is an "interested party." *See* Compl. at ¶¶ 3, 9. However, as an "interested party" it had the ability to participate in the original investigation. *See* 85 Fed. Reg. at 6,503; 85 Fed. Reg. at 6,514. Houston Shutters' failure to do so is no basis for 1581(i) jurisdiction. *See Rimco Inc. v. United States*, 98 F.4th 1046, 1054 (Fed. Cir. 2024) ("Rimco failed to pursue the administrative avenue available to it and thereby missed its opportunity to challenge the rates set by Commerce. It cannot avoid the consequences of that failure through the exercise of the court's section 1581(i) jurisdiction.") (internal quotation marks omitted).

9

Further, Houston Shutters did not truly identify any "changed circumstances" in its request for a CCR, nor does it truly identify any changed circumstances in its complaint before this Court. Instead, Houston Shutters is simply attempting to submit argumentation and evidence it could have, but did not provide, during the investigations and calling that information "changed circumstances." This is improper. Though labeled and characterized as a CCR initiation request, it is clear from the face of both its July 2024 CCR initiation request and its complaint that Houston Shutters is simply seeking to relitigate the scope determinations made during the investigations. Because this is the "true nature" of Houston Shutters' claim, this Court does not possess jurisdiction under 28 U.S.C. § 1581(i).

## CONCLUSION

For these reasons, we respectfully request that this Court grant this motion and dismiss plaintiff's Complaint.

Respectfully submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Claudia Burke
CLAUDIA BURKE
Deputy Director

OF COUNSEL:
RUSLAN KLAFEHN
Attorney
Office of the Chief Counsel
For Trade Enforcement & Compliance
U.S. Department of Commerce

/s/Brendan D. Jordan
BRENDAN D. JORDAN
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington, DC 20530
Telephone: (202) 616-0342

                Email: brendan.d.jordan@usdoj.gov

January 21, 2025         Attorneys for Defendant