No. 24-00193
(Senior Judge Gordon)

---

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

---

HOUSTON SHUTTERS, LLC,
Plaintiff,

v.

THE UNITED STATES,
Defendant.

---

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

---

|  |  |
|---|---|
|  | YAAKOV M. ROTH<br>Acting Assistant Attorney General |
|  | PATRICIA M. McCARTHY<br>Director |
|  | CLAUDIA BURKE<br>Deputy Director |
| OF COUNSEL: | BRENDAN D. JORDAN<br>Trial Attorney |
| RUSLAN KLAFEHN<br>Attorney<br>Office of the Chief Counsel<br>for Trade Enforcement &<br>Compliance<br>U.S. Department of Commerce<br>1401 Constitution Avenue, NW<br>Washington, DC 20230 | Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington D.C. 20044<br>Telephone: (202) 616-0342<br>E-Mail: Brendan.D.Jordan@usdoj.gov |
| April 2, 2025 | Attorneys for Defendant |

## **TABLE OF CONTENTS**

ARGUMENT .................................................................................................................2

I.     Houston Shutters Could Have Challenged The Scope Determination In The
       Investigations Of Millwork Products From China And The True Nature Of
       Houston Shutters' Action Is A Challenge To Commerce's Determination In
       Those Investigations ...........................................................................................2

       A.  Houston Shutters Could Have Participated In The Scope Proceedings During
           The Underlying Investigations............................................................................3

       B.  The "True Nature" Of This Action Is A Challenge To The Scope
           Determination In The Underlying AD/CVD Investigations That Could Have
           Been Brought During The Investigations Under Section 1581(c).....................6

       C.  The Remedy Under Section 1581(c) Was Not Manifestly Inadequate..............9

II.    The Court Should Not Reach the Merits of Houston Shutters' Claims At This
       Stage; However, These Claims Only Affirm that This Court Lacks Jurisdiction ...11

III.   This Court Should Not Grant Houston Shutters Leave To Amend Its Complaint
       Because Any Amendment Would Be Futile and, In Any Event, The Statute of
       Limitations Has Run ..........................................................................................14

CONCLUSION.............................................................................................................16

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                     **Page(s)**

*Ad Hoc Shrimp Trade Action Comm. v. United States,*
   515 F.3d 1372 (Fed. Cir. 2008)................................................................................. 9

*Chemetron Corp. v. Jones,*
   72 F.3d 341 (3rd Cir. 1995) ....................................................................................... 4

*Diamond Sawblades Manufacturers' Coalition v. United States,*
   2015 WL 4978726 (CIT Aug. 20, 2015)) .................................................................. 7

*Foman v. Davis,*
   371 U.S. 178 (1962)................................................................................................... 14

*Ford Motor Co. v. United States,*
   992 F. Supp. 2d 1346 (Ct. Int'l Trade 2014), *aff'd,* 811 F.3d 1371 (Fed. Cir. 2016) ............... 15

*Fujitsu Ten Corp. of Am. v. United States,*
   957 F. Supp. 245 (Ct. Int'l Trade 1997), *aff'd sub nom. Sandvik Steel Co. v. United States,* 164
   F.3d 596 (Fed. Cir. 1998)......................................................................................... 11

*Gibson v. City of Chi.,*
   910 F.2d 1510 (7th Cir. 1990) ................................................................................. 12

*Hair v. United States,*
   350 F.3d 1253 (Fed. Cir. 2003)................................................................................ 15

*Hartford Fire Ins. Co. v. United States,*
   544 F.3d 1289 (Fed. Cir. 2008)............................................................................ 9, 10

*JCM, Ltd. v. United States,*
   210 F.3d 1357 (Fed. Cir. 2000)................................................................................. 4

*Killeen v. Off. of Pers. Mgmt.,*
   558 F.3d 1318 (Fed. Cir. 2009)................................................................................ 12

*Koyo Seiko Co., Ltd. v. United States,*
   30 C.I.T. 1111 (Ct. Int'l Trade 2006) ....................................................................... 14

*Mitsubishi Elecs. Am., Inc. v. United States,*
   44 F.3d 973 (Fed. Cir. 1994).................................................................................... 15

*Mullane v. Cent. Hanover Bank & Trust Co.,*
   339 U.S. 306 (1950)................................................................................................... 4

*Nalco Co. v. Chem-Mod, LLC,*
   883 F.3d 1337 (Fed. Cir. 2018)........................................................................ 12

*Norsk Hydro Can., Inc. v. United States,*
   472 F.3d 1347 (Fed. Cir. 2006)..................................................................... 3, 10

*Rimco Inc. v. United States,*
   98 F.4th 1046 (Fed. Cir. 2024) ....................................................................... 2, 4

*Sandvik Steel Co. v. United States,*
   164 F.3d 596 (Fed. Cir. 1998)........................................................................... 11

*Sunpreme Inc. v. United States,*
   892 F.3d 1186 (Fed. Cir. 2018)................................................................ *passim*

*TR Int'l Trading Co., Inc. v. United States,*
   4 F.4th 1363 (Fed. Cir. 2021) ...................................................................... 6, 10

*Wanxiang Am. Corp. v. United States,*
   12 F.4th 1369 (Fed. Cir. 2021) .................................................................. 10, 11

*XYZ Corp. v. U.S.,*
   253 F. Supp. 3d 1257 (Ct. Intl. Trade 2017)..................................................... 6

**Statutes**

19 U.S.C. § 1514(a) .......................................................................................... 10

19 U.S.C. § 1516a(a) ..................................................................................... 8, 14

19 U.S.C. § 1671d............................................................................................... 8

19 U.S.C. § 1673d............................................................................................... 8

19 U.S.C. § 1677(9) .................................................................................... 2, 4, 5

28 U.S.C. 1581(a) ............................................................................................... 8

28 U.S.C. 1581(c) ...................................................................................... *passim*

28 U.S.C. 1581(i)....................................................................................... *passim*

**Rules**

U.S. Ct. Int'l Trade R. 12(b) ............................................................................... 1

**Regulations**

19 C.F.R. § 351.305(d) ................................................................................................ 5

**Administrative Determinations**

*Antidumping Duties; Countervailing Duties*,
  62 Fed. Reg. 27,296 (Dep't of Commerce May 19, 1997) .......................................... 3

*Oil Country Tubular Goods From the People's Republic of China: Final Results of Antidumping
  and Countervailing Duty Changed Circumstances Reviews*,
  87 Fed. Reg. 15,915 (Dep't of Commerce Mar. 21, 2022) ....................................... 13

*Oil Country Tubular Goods From the People's Republic of China: Initiation and Preliminary
  Results of Antidumping and Countervailing Duty Changed Circumstances Reviews*,
  87 Fed. Reg. 8,230 (Dep't of Commerce Feb. 14, 2022) .......................................... 13

*Wood Mouldings and Millwork Products From Brazil and the People's Republic of China:
  Initiation of Less-Than-Fair-Value Investigations*,
  85 Fed. Reg. 6502 (Dep't of Commerce Feb. 5, 2020) ..................................... 3, 4, 5

*Wood Mouldings and Millwork Products From the People's Republic of China: Amended Final
  Antidumping Duty Determination and Antidumping Duty Order*,
  86 Fed. Reg. 9,486 (Dep't of Commerce Feb. 16, 2021) ......................................... 15

*Wood Mouldings and Millwork Products From the People's Republic of China: Final
  Affirmative Countervailing Duty Determination*,
  86 Fed. Reg. 67 (Dep't of Commerce Jan. 4, 2021) ................................................ 15

**Other Authorities**

H. R. Rep. No. 89-1497 (1966) reprinted in 1966 U.S.C.C.A.N. 2418, 2424 (1966) ................... 4

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE LEO M. GORDON, SENIOR JUDGE

_____
                                          )
HOUSTON SHUTTERS, LLC                     )
                                          )
                 Plaintiff,               )
                                          )
        v.                                )          Court No. 24-00193
                                          )
UNITED STATES,                            )
                                          )
                 Defendant.               )
_____)

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

In accordance with Rule 12(b)(1) of the Rules of the U.S. Court of International Trade (USCIT R.), defendant, the United States, respectfully submits this reply in support of its motion to dismiss the complaint filed by plaintiff, Houston Shutters, LLC (Houston Shutters), *see* ECF No. 2, for lack of subject matter jurisdiction. As set forth in our motion filed on January 21, 2025, this Court lacks jurisdiction to entertain this 28 U.S.C. § 1581(i) action because the true nature of Houston Shutters' challenge, as alleged in the complaint, is a challenge to a scope determination that Commerce made in the antidumping and countervailing duty investigations on wood mouldings and millwork products (millwork products) from the People's Republic of China (China). If Houston Shutters wanted Commerce to consider its current scope arguments, it could have presented them to Commerce during the investigation and then challenged Commerce's scope determination under 28 U.S.C. § 1581(c) at the conclusion of the investigations. Having failed to do so, Houston Shutters cannot now avail itself of this Court's residual jurisdiction under section 1581(i). Houston Shutters' response to the Government's

motion fails to demonstrate otherwise. *See* Plaintiff's Response To Defendant's Motion To Dismiss, ECF No. 15 (Pl. Resp.). Accordingly, the Court should dismiss this action.

## <u>ARGUMENT</u>

In its response to the Government's motion, Houston Shutters contends that this Court has jurisdiction because the "true nature" of its action seeks a retroactive exclusion for wood shutter components from the *Orders* and this relief was not available during the investigations, nor were they a party to the investigation. Pl. Resp. at 6. Additionally, Houston Shutters argues that its changed circumstances review (CCR) request contained new factual information constituting a changed circumstance, and that Commerce "routinely" uses CCRs to consider "new" information that was not provided during an underlying proceeding. *Id.* at 9, 13-14. Finally, Houston Shutters requests leave to amend its complaint should this Court find that the complaint was deficient. *Id.* at 16. Houston Shutters' arguments are meritless, and the Government addresses them in turn.

I.    **Houston Shutters Could Have Challenged The Scope Determination In The Investigations Of Millwork Products From China And The True Nature Of Houston Shutters' Action Is A Challenge To Commerce's Determination In Those Investigations**

Contrary to Houston Shutters' unsupported statements otherwise, it was an "interested party" within the meaning of 19 U.S.C. § 1677(9)(A), for purposes of the investigation, and was on notice of the AD/CVD investigations of millwork products from China. Accordingly, Houston Shutters could have, and indeed was required to, pursue its scope challenges at the appropriate time during the AD/CVD investigations. *See Rimco Inc. v. United States*, 98 F.4th 1046, 1055 (Fed. Cir. 2024) ("Rimco failed to pursue the administrative avenue available to it and thereby missed its opportunity to challenge the rates set by Commerce. It cannot avoid the consequences of that failure through the exercise of the court's section 1581(i) jurisdiction.")

(internal quotation marks omitted).  As set forth below, the "true nature" of Houston Shutters'

action is a challenge to the final scope decision in the millwork products from China

investigations, such that Houston Shutters could have brought this case under section 1581(c) at

the conclusion of the investigations of millwork products from China.  And Houston Shutters'

response does not dispute that it *could have* brought such an action nor does it rebut our showing

that it was an "interested party."  *See also* Appx89 (AD and CVD petition listing Houston

Shutters as a known importer of millwork products); *Norsk Hydro Can., Inc. v. United States*,

472 F.3d 1347, 1355 (Fed. Cir. 2006) (plaintiff bears the burden of establishing that jurisdiction

exists).  Houston Shutters' attempt to avoid the implications of its failure to bring a 1581(c)

action at the conclusion of the investigations by characterizing its relief sought as only to remove

AD/CVD liability for unliquidated entries falls flat because Houston Shutters is also seeking to

change the scope language, *i.e.* relief that was available, and not pursued, during the

investigations.

### A.  Houston Shutters Could Have Participated In The Scope Proceedings During The Underlying Investigations

When Commerce initiated the AD/CVD investigations of millwork products from China,

it invited "interested parties to raise issues regarding product coverage (scope)."  *Wood*

*Mouldings and Millwork Products From Brazil and the People's Republic of China: Initiation of*

*Less-Than-Fair-Value Investigations*, 85 Fed. Reg. 6502, 6503 (Dep't of Commerce Feb. 5,

2020) (*Initiation Notice*).  In 1997, Commerce instituted this procedural mechanism for soliciting

public comment to avoid the very circumstances that have led to the present litigation.

*Antidumping Duties; Countervailing Duties*, 62 Fed. Reg. 27,296, 27,323 (Dep't of Commerce

May 19, 1997) ("In addition, resolution of product coverage issues early in a proceeding reduces

costs for all parties by diminishing the necessity for later changed circumstances reviews or

scope inquiries.") (*Preamble*).  Notification by publication in the *Federal Register* allows

interested parties to find details of administrative operations of federal agencies, *see* H. R. Rep.

No. 89-1497 (1966) reprinted in 1966 U.S.C.C.A.N. 2418, 2424 (1966), and is a "feasible and

customary" method for alerting unknown parties of administrative action.  *See Mullane v. Cent.

Hanover Bank & Trust Co.*, 339 U.S. 306, 315, 317 (1950); *see also Chemetron Corp. v. Jones*,

72 F.3d 341, 348 (3rd Cir. 1995) (notice by publication sufficient for unknown parties).

The Act provides that an "interested party" is, among other entities, "the United States

importer, of subject merchandise."  19 U.S.C. § 1677(9)(A).  Houston Shutters is an interested

party under the Act because it is a "United States importer, of subject merchandise."  19 U.S.C.

§ 1677(9)(A); *see* Houston Shutters Compl. ¶ 3 ("Plaintiff is the U.S. importer of wood shutter

components from China.").  Indeed, the petitioner identified Houston Shutters as a known U.S.

importer when it filed the petition in the investigations.  *See* Appx89.  Houston Shutters was also

on notice of the AD/CVD investigations on millwork products from China when Commerce

published a notice of initiation in the *Federal Register* soliciting comments on the scope of the

investigations.  *Initiation Notice*, 85 Fed. Reg. at 6,503; *see also Mullane*, 339 U.S. at 317.

Houston Shutters' failure to participate and challenge that determination at the appropriate time

precludes it from availing itself of this Court's residual jurisdiction.  *See Rimco*, 98 F.4th at

1054; *Sunpreme Inc. v. United States*, 892 F.3d 1186, 1191 (Fed. Cir. 2018) ("Section 1581(i)

embodies a 'residual' grant of jurisdiction, and may not be invoked when jurisdiction under

another subsection of § 1581 is or *could have been* available, unless the remedy provided under

that other subsection would be manifestly inadequate.") (emphasis added); *JCM, Ltd. v. United

States*, 210 F.3d 1357, 1359 (Fed. Cir. 2000) ("To allow a party to elect to proceed under section

1581(i), without having first availed himself of the remedy provided by section 1581(c), would undermine the integrity of the clear path Congress intended a claimant to follow.").

Houston Shutters attempts to evade its obligation to have participated in the investigation scope determination by arguing that "asserting standing as an interested party to the CCR proceeding . . . does not necessarily mean that it had standing to participate in the underlying investigations."  Pl. Resp. at 6.  Houston Shutters also argues that to have standing, it "was required to not only have imported subject merchandise during the 2019 POI, but also to have provided evidence thereof to Commerce during the investigations."  *Id.* (citing 19 C.F.R. § 351.305(d)).  But the regulation cited by Houston Shutters does not govern whether a party is an interested party pursuant to 19 U.S.C. § 1677(9).  Rather, 19 C.F.R. § 351.305(d) governs interested parties' access to business proprietary information.  Pursuant to 19 C.F.R. § 351.305(d), importers only have to demonstrate proof of importation if they are seeking access to business proprietary information.  *See* 19 C.F.R. § 351.305(d).   In other words, Houston Shutters' participation in the investigation was not contingent on its ability to show proof of importation and the citation to 19 CFR 351.305(d) is inapposite.  Indeed, Commerce did not restrict scope comments to parties with access to business proprietary comments.  Instead, Commerce invited comments on product coverage from *all* interested parties.  *Initiation Notice*, 85 Fed. Reg. at 6,503 ("Commerce requests that *all* interested parties submit scope comments by . . .") (emphasis added)).  As noted above, evidence on the investigation record supports that Houston Shutters was an importer of subject merchandise and, therefore, was an interested party pursuant to 19 U.S.C. § 1677(9) – Houston Shutters fails to demonstrate otherwise.  *See* Appx89.

Notably, Houston Shutters makes no affirmative representation that it *did not* import subject merchandise during the period of investigation, instead claiming that the Government

failed to "establish that the requisite importation occurred in 2019 or that the investigation record contains evidence thereof." Pl. Resp. at 6. By claiming that the *Government* failed to establish this factual point, Houston Shutters misunderstands its burden. "The party invoking jurisdiction must 'allege sufficient facts to establish the court's jurisdiction,' and therefore '*bears the burden of establishing it.*'" *XYZ Corp. v. United States*, 253 F. Supp. 3d 1257, 1267 (Ct. Intl. Trade 2017) (internal & other citations omitted) (emphasis added). Although Houston Shutters states that it "did not participate in the investigations," it fails to show that it could not have done so. Pl. Resp. at 6. Thus, Houston Shutters has not rebutted the showing that it was an interested party for purposes of the underlying investigation and could have presented its current scope arguments in that proceeding.

### B. The "True Nature" Of This Action Is A Challenge To The Scope Determination In The Underlying AD/CVD Investigations That Could Have Been Brought During The Investigations Under Section 1581(c)

Houston Shutters argues that, even if it could have participated in the investigations, "this Court nonetheless possesses jurisdiction over this appeal because the 'true nature of the action' is seeking a retroactive exclusion for wood shutter components to be added to the existing *AD/CVD Orders*." Pl. Resp. at 6. Thus, Houston Shutters confirms what the Government argued in its motion to dismiss—that "the true nature of what Houston Shutters seeks is reconsideration of whether the scope of the AD and CVD orders on millwork products from China should cover wood shutter components." Government's Motion to Dismiss at 9. As the Court of Appeals for the Federal Circuit has stated, "recasting a scope dispute" as another type of challenge when the true nature of the action is a "scope dispute" does not create § 1581(i) jurisdiction. *See TR Int'l Trading Co., Inc. v. United States*, 4 F.4th 1363, 1369 (Fed. Cir. 2021).

Houston Shutters attempts to distinguish its challenge to reconsider the scope of the AD/CVD orders, by stating that it is actually seeking a "retroactive exclusion" for wood shutter components.  According to Houston Shutters, "seeking to eliminate AD/CVD on merchandise that has already entered the United States is fundamentally distinct from seeking to prevent AD/CVD from applying in the first instance."  Pl. Resp. at 6.  This is superficially true, but only because plaintiffs neglected to participate in the original proceedings.  And in any event, a party may not expand this Court's jurisdiction through "creative pleading."  *See Sunpreme*, 892 F.3d at 1193.  The true nature of what Houston Shutters seeks is reconsideration of whether the scope of the AD and CVD orders on millwork products from China should cover wood shutter components.  This is apparent from Houston Shutters' complaint, which states that Commerce was required to evaluate "the propriety of excluding wood shutter components from the AD/CVD Orders' scope." *See* Compl. at ¶16; *see also* Compl. at ¶¶ 1, 10, 15.

The universe of entries to which any scope exclusion would apply is irrelevant to the jurisdictional question before the Court.  Had Houston Shutters participated in the investigation and secured its scope exclusion, it would not have had to submit a request for a changed circumstances review because wood shutter components would have been excluded from the scope of the *Orders* at the outset.  Similarly, if Houston Shutters had participated and not secured a scope exclusion during the investigation, it could have challenged Commerce's scope determination under section 1581(c) at the conclusion of the investigation and pursued litigation through the appropriate process envisioned by Congress.  *See Diamond Sawblades Manufacturers' Coalition v. United States*, Slip Op. 15-92, 2015 WL 4978726, at *7 (CIT Aug. 20, 2015) ("{T}he statute clearly contemplates review of the substance upon which determinations . . . are based (*i.e.*, its 'factual findings' and 'legal conclusions') in the

'implementation' thereof.") (internal citations omitted); 19 U.S.C. § 1516a(a)(2)(B)(i) (allowing for review of a "Final affirmative determinations by the administering authority and by the Commission under section 1671d or 1673d of this title. . . .").   Having failed to do so, Houston Shutters may not now "elect to proceed under 1581(i), without having first availed {itself} of the remedy provided by 1581(c)."  *See Sunpreme*, 892 F.3d at 1193.

Further, Houston Shutters argues that the Government erroneously relied on *Sunpreme* in support of its motion to dismiss because, in that case, the plaintiff sought the "very relief" before CBP that it could from Commerce.  According to Houston Shutters,"{h}ad Sunpreme, based on new information, requested a CCR to exclude its solar cells that Commerce declined to initiate, this Court would possess jurisdiction over that appeal under 28 U.S.C. § 1581(i)."  Pl. Resp. at 8.  Houston Shutters' reading of *Sunpreme* is strained.

In *Sunpreme*, the Federal Circuit assessed whether Sunpreme had any jurisdictional alternative to using this Court's residual jurisdictional provision—28 U.S.C. § 1581(i)—to challenge CBP's unilateral determination that its imports of certain solar modules were covered under AD/CVD orders.  *Sunpreme*, 892 F.3d at 1191-92.  Sunpreme brought suit under sections 1581(a) and 1581(c) contesting CBP's "ultra vires" interpretation of the applicable AD/CVD orders.  The Court of International Trade held that while it did not have jurisdiction under sections 1581(a) or (c), it did have residual jurisdiction under section 1581(i).  On appeal, the Federal Circuit disagreed.  In focusing on the "true nature" of Sunpreme's challenge, the Court reasoned that Sunpreme's challenge was a dispute as to whether its modules were covered by the scope of the orders.  *Id.* at 1193.  In holding that residual jurisdiction under section 1581(i) was unavailable, the Federal Circuit reasoned that Sunpreme could have invoked jurisdiction under

section 1581(c) had it sought a scope ruling and received an unfavorable determination and indeed was required to exhaust this administrative remedy. *Id.* at 1192-93.

In the instant case, the "true nature" of Houston Shutters' claim is not a challenge to Commerce's determination to decline to initiate a CCR request. Houston Shutters' requested relief would exclude wood shutters from the scope of the millwork product orders—it seeks a retroactive exclusion. Had Houston Shutters challenged Commerce's final scope decision in the investigations, its requested relief would have been the same—an exclusion for wood shutter components. Houston Shutters' attempt to distinguish the two is a distinction without a difference because the legal impact of either remedy is that wood shutter components were never part of the millwork products orders. The difference of whether AD/CVD liability under either liability is simply because some entries have been conclusively liquidated. That, however, does not change the legal effect of the exclusion, irrespective of whether it was retroactive or *ab initio*.

### C.  <u>The Remedy Under Section 1581(c) Was Not Manifestly Inadequate</u>

Houston Shutters argues that any remedy under section 1581(c) would have been "manifestly inadequate" because it would provide no basis to eliminate AD/CVD liability. *See* Pl. Resp. at 7. However, the Federal Circuit has described the standard of "manifestly inadequate" as an "exercise in futility, or incapable of producing any result; failing utterly of the desired end through intrinsic defect; useless, ineffectual vain." *Hartford Fire Ins. Co. v. United States*, 544 F.3d 1289, 1294 (Fed. Cir. 2008) (cleaned up). That standard is not met here.

"The antidumping statute explicitly authorizes suits in the Court of International Trade . . . to review the scope of a final affirmative determination by Commerce." *Ad Hoc Shrimp Trade Action Comm. v. United States*, 515 F.3d 1372, 1382 (Fed. Cir. 2008). Had Houston Shutters participated in the investigation, it could have submitted factual information and

argument on the scope of the investigations and litigated any adverse determination in this Court. Indeed, if anything, Houston Shutters would have had a *better* remedy had it successfully challenged the scope determination during the investigations, because then it would have had no AD/CVD duty liability at all. Even still, a remedy is not manifestly inadequate simply because it is not identical to what the Plaintiff would have preferred. *See Hartford Fire Ins.*, 544 F.3d at 1294.

Moreover, Houston Shutters is not "only seeking to eliminate AD/CVD liability on unliquidated entries," but affirmatively seeks revocation of the *Orders* with respect to wood shutter components. Pl. Resp. at 7. The revocation can only apply to unliquidated entries because "a liquidation decision itself is 'final and conclusive' as to all parties, including the United States." *See Norsk Hydo Can., Inc. v. United States*, 472 F.3d 1347, 1352 (Fed. Cir. 2006) (citing 19 U.S.C. § 1514(a)). Thus, to the extent that Houston Shutters seeks only to eliminate AD/CVD liability on unliquidated entries, that is because it cannot request for conclusively liquidated entries to be unliquidated even if the scope were to exclude wood shutter components. Still, the actual remedy Houston Shutters seeks is a retroactive scope exclusion, *i.e.,* a modification to the scope of the millwork products orders with the effect that wood shutter components were never part of the scope. Houston Shutters bases this request on "new information" that it believes indicates that wood shutter components are distinct products from millwork products and thus were not meant to be included. As a result, the true nature of Houston Shutters' action is still a challenge to Commerce's scope determination, which it could have brought by filing a section 1581(c) case after the final determination. Accordingly, this Court does not have jurisdiction under section 1581(i). *See*, *e.g.*, *TR Int'l Trading*, 4 F.4th at 1369; *Sunpreme*, 892 F.3d at 1193-94; *see also Wanxiang Am. Corp. v. United States*, 12 F.4th

1369, 1375 (Fed. Cir. 2021) ("Despite {the language of the} pleading, it was clear that {the plaintiff} sought 'a decision that its products {we}re not subject to the scope of the {antidumping duty} orders,' so we reversed the CIT's exercise of § 1581(i) jurisdiction because {the plaintiff} had available to it relief under § 1581(c) . . .") (summarizing and quoting *Sunpreme*, 892 F.3d at 1193-94); *Fujitsu Ten Corp. of Am. v. United States*, 957 F. Supp. 245, 250 (Ct. Int'l Trade 1997) (holding that plaintiff could not pursue (i) claim when it failed to pursue scope claim prior to liquidation), *aff'd sub nom. Sandvik Steel Co. v. United States*, 164 F.3d 596, 602 (Fed. Cir. 1998).

Houston Shutters also states that its requested relief was "based on new information" that was not available during the investigations. *See* Pl. Resp. at 7. But the availability of new or different information does not render a remedy manifestly inadequate under § 1581(c). Regardless, Houston Shutters does not demonstrate that the information was unavailable at the time of the investigation. *See id.* at 10-11. For example, it relies on "the declaration of an industry expert executed in May 2024," but does not state why this same declaration could not have been executed during the investigations. Moreover, some of the information that Houston Shutters cites dates back as 2005. *See* Appx547-48. That some of the information Houston Shutters submitted was newly *created* says nothing about whether the remedy provided under 1581(c) was manifestly inadequate.

## II. The Court Should Not Reach the Merits of Houston Shutters' Claims At This Stage; However, These Claims Only Affirm that This Court Lacks Jurisdiction

Houston Shutters spends much of its response arguing the merits of its case rather than on the jurisdictional question at issue. *See* Pl. Resp. at 9-16. In particular, Houston Shutters argues that its CCR request contained extensive new information constituting a changed circumstance. *Id.* at 9-12. According to Houston Shutters, Commerce uses CCRs to consider

new information that was not provided during the underlying proceeding. *Id.* at 13-16.

However, "{t}he purpose of a motion to dismiss is to test the sufficiency of the complaint, not to

decide the merits." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018)

(quoting *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990) (internal quotation marks &

emphasis omitted).  Here, the Government challenges the sufficiency of Houston Shutters'

jurisdictional claim because the "true nature" of Houston Shutters' action is an attempt to reopen

and relitigate a scope issue decided in the investigations of millwork products from China.  *See*

*Sunpreme*, 892 F.3d at 1193.  The merits issues raised by Houston Shutters need not (and should

not) be resolved for this Court to conclude that it lacks jurisdiction in this case.[1]  *See also Killeen*

*v. Off. of Pers. Mgmt.*, 558 F.3d 1318, 1323 (Fed. Cir. 2009) ("A dismissal for lack of

jurisdiction, however, does not constitute final judgment on the merits").

     If anything, Houston Shutters' arguments only bolster the Government's claim—that

Houston Shutters is attempting to belatedly challenge a past scope decision without having first

availed itself of an available remedy.  Houston Shutters repeatedly references events from the

investigations and admits that its CCR request was an attempt to cure evidentiary defects in those

investigations.  *See* Pl. Resp. at 9-10.  For example, Houston Shutters states that it has now

"provided responsive information" to a request that Commerce made in June 2020 *during the*

*investigations*.  *Id.*  Houston Shutters also argues that this new information indicates that a scope

exclusion for wood shutter components would be "readily administrable" and that Commerce has

an "obligation to define an administrable scope." *Id.* at 11-12.  Again, Houston Shutters

illustrates that it is merely attempting to relitigate the scope determination in the investigations,

---

[1]  The Government reserves the right to respond to these legal and factual issues in
response to any motion for judgment on the agency record, should this Court find that it has
jurisdiction to hear this case.

as administrability was one of the concerns raised by the petitioner in initially opposing a scope exclusion for wood shutter components. *See* Appx229-31.

Houston Shutters' misplaced citation to the changed circumstances reviews in the AD/CVD orders on oil country tubular goods from China (*OCTG from China*) demonstrates the Government's position precisely. Pl. Resp. at 13-14 (citing *Oil Country Tubular Goods From the People's Republic of China: Final Results of Antidumping and Countervailing Duty Changed Circumstances Reviews*, 87 Fed. Reg. 15,915 (Dep't of Commerce Mar. 21, 2022). The *OCTG from China* CCRs originated from a circumvention inquiry in which Commerce determined that the HLD companies were required to pay cash deposits on entries of OCTG assembled in Brunei or the Philippines because the HLD companies could not demonstrate the origin of the hot-rolled steel used in the manufacturing of their OCTG. *See Oil Country Tubular Goods From the People's Republic of China: Initiation and Preliminary Results of Antidumping and Countervailing Duty Changed Circumstances Reviews*, 87 Fed. Reg. 8,230 (Dep't of Commerce Feb. 14, 2022). However, Commerce left open the door for reconsideration of the denial of the certification process, and the HLD companies made changes to their recordkeeping that allowed them "to identify and segregate welded OCTG made using non-Chinese hot-rolled steel." *Id.* The HLD companies submitted a CCR request and Commerce confirmed the companies' ability to track country of origin for hot-rolled steel, determining that "{w}elded OCTG produced by either HLDS (B) in Brunei or HLD Clark in the Philippines using non-Chinese hot-rolled steel and exported from either Brunei or the Philippines are not subject to the antidumping and countervailing duty orders on OCTG from China." 87 Fed. Reg. at 15,916.

The HLD companies were not seeking to relitigate Commerce's circumvention decision. Rather, following the conclusion of the circumvention inquiry, the HLD companies created a

new certification process that was able to accurately identify country of origin. In other words, the HLD companies could not have argued the merits of their new recordkeeping system in the circumvention decision because it did not exist at that time. In the instant case, however, Houston Shutters had the opportunity to participate in the investigation, the issue that it seeks to relitigate was live during the investigations, and information supporting its position was also available during the investigations.[2] The specific documents it submitted are "new" only in that they were published or created after the investigations concluded, not that the same information in these "new" sources could not have been produced or gathered from other sources during the investigations.

### III.    This Court Should Not Grant Houston Shutters Leave To Amend Its Complaint Because Any Amendment Would Be Futile and, In Any Event, The Statute of Limitations Has Run

Finally, Houston Shutters requests leave from the Court to amend any deficiency in its Complaint relying on an erroneous conclusion that the statute of limitations has not yet run on its claim. Pl. Resp. at 16-17. As an initial matter, "one reason for not allowing a party to amend its complaint is 'futility of amendment.'" *Koyo Seiko Co., Ltd. v. United States*, 30 C.I.T. 1111, 1114 (Ct. Int'l Trade 2006) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). Houston Shutters has not identified any amendment that could cure the jurisdictional deficiencies in its complaint. Because Houston Shutters could have challenged Commerce's scope determination in the investigations under section 1581(c), Houston Shutters is barred from pursuing a 1581(i) case instead, regardless of how creatively it pleads its case. *See* 28 U.S.C. § 1581(i); 19 U.S.C. § 1516a(a)(2)(B)(i) (providing section 1581(c) jurisdiction over Commerce's affirmative final

---

[2] For example, Houston Shutters argues that wood shutter components have distinguishable and defining quality characteristics such as polyurethane or gesso-coating. The information it cites to support this contention goes as far back as 2005. *See* Appx547-48.

determinations in investigations); *Sunpreme*, 892 F.3d at 1191.  In any event, Houston Shutters is

also wrong in claiming that it has until August 15, 2026 to file a timely, amended complaint

pursuant to 28 U.S.C. § 1581(i).  Pl. Resp. at 16-17.  Because the true nature of its complaint

challenges the scope determination in the underlying investigation, Houston Shutters' claim

accrued when Commerce published in the *Federal Register* the amended final affirmative AD

determination and the final affirmative CVD determination—not years later when Commerce

denied its CCR request.  *See Hair v. United States*, 350 F.3d 1253, 1260 (Fed. Cir. 2003) (statute

of limitations begins to run when a cause of action accrues); *Mitsubishi Elecs. Am., Inc. v. United

States*, 44 F.3d 973, 978 (Fed. Cir. 1994) (cause of action accrues "when the aggrieved party

reasonably should have known about the existence of the claim") (internal quotation marks

omitted); *see also Ford Motor Co. v. United States*, 992 F. Supp. 2d 1346, 1356 (Ct. Int'l Trade

2014), *aff'd*, 811 F.3d 1371 (Fed. Cir. 2016) (cause of action accrues for claims under section

1581(i) when the claimant had notice of the final agency act or decision challenged).  Commerce

published the amended final affirmative AD determination on February 16, 2021, and the final

affirmative CVD determination on January 4, 2021.  *See Wood Mouldings and Millwork

Products From the People's Republic of China: Amended Final Antidumping Duty

Determination and Antidumping Duty Order*, 86 Fed. Reg. 9,486 (Dep't of Commerce Feb. 16,

2021); *Wood Mouldings and Millwork Products From the People's Republic of China: Final

Affirmative Countervailing Duty Determination*, 86 Fed. Reg. 67 (Dep't of Commerce Jan. 4,

2021).  Houston Shutters filed its complaint on October 16, 2024, more than three years after the

final determinations, and well outside of the two-year statute of limitations under section 1581(i).

*See* ECF No. 2.

Therefore, this Court should not permit Houston Shutters leave to amend its Complaint.

## <u>CONCLUSION</u>

For these reasons and the reasons stated in our opening brief, we respectfully request that this Court grant this motion and dismiss plaintiff's Complaint.

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td></td><td>YAAKOV M. ROTH<br>Acting Assistant Attorney General</td></tr>
<tr><td></td><td>PATRICIA M. McCARTHY<br>Director</td></tr>
<tr><td></td><td>/s/ Claudia Burke<br>CLAUDIA BURKE<br>Deputy Director</td></tr>
<tr><td>OF COUNSEL:</td><td></td></tr>
<tr><td></td><td>/s/ Brendan D. Jordan</td></tr>
<tr><td>RUSLAN KLAFEHN<br>Attorney<br>Office of the Chief Counsel<br>for Trade Enforcement &<br>Compliance<br>U.S. Department of Commerce<br>1401 Constitution Avenue, NW<br>Washington, DC 20230</td><td>BRENDAN D. JORDAN<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, DC 20530<br>Telephone: (202) 616-0342<br>Email: Brendan.D.Jordan@usdoj.gov</td></tr>
<tr><td></td><td>Attorneys for Defendant</td></tr>
<tr><td>Date: April 2, 2025</td><td></td></tr>
</table>

16