IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:     THE HONORABLE LEO M. GORDON, JUDGE

| | |
|---|---|
| HOUSTON SHUTTERS LLC, <br><br>            Plaintiff, <br><br>     v. <br><br> UNITED STATES, <br><br>            Defendant. | Court No. 24-00193 |

**DEFENDANT'S SUPPLEMENTAL BRIEF**

OF COUNSEL:

RUSLAN KLAFEHN
Attorney
Office of the Chief Counsel
For Trade Enforcement and Compliance
U.S. Department of Commerce

YAAKOV M. ROTH
Acting Assistant Attorney General

PATRICIA McCARTHY
Director

CLAUDIA BURKE
Deputy Director

EMMA E. BOND
Senior Trial Attorney
BRENDAN D. JORDAN
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 305-2034
E-mail: Emma.E.Bond@usdoj.gov

*Attorneys for Defendant*

**DEFENDANT'S SUPPLEMENTAL BRIEF**

Pursuant to the Court's May 30, 2025 order, ECF No. 28, defendant, the United States, respectfully files this supplemental brief regarding *Trustees in Bankruptcy of North American Rubber Thread Co. v. United States*, 593 F.3d 1346 (Fed. Cir. 2010) (*Trustees*). *Trustees* involved challenges to Commerce's unpublished decision not to initiate a changed circumstances review (CCR), filed pursuant to 28 U.S.C. § 1581(i). The U.S. Court of Appeals for the Federal Circuit held that the domestic industry established residual jurisdiction pursuant to § 1581(i) to challenge the decision not to initiate a CCR, whereas the foreign producer did not. *Id*. at 1352-1353. These disparate jurisdictional outcomes stemmed from the well-established standards governing § 1581(i) jurisdiction, which generally is not available when review is or could have been available pursuant to another provision of § 1581. *Id.* at 1351. As discussed below, applying the same standards to this case demonstrates that plaintiff, Houston Shutters LLC, has failed to establish jurisdiction pursuant to 19 U.S.C. § 1581(i).

The *Trustees* case arose from a 1992 antidumping duty order covering extruded rubber thread from Malaysia. In 2004, a foreign producer, Heveafil, requested a CCR to revoke the order after the domestic industry, North American Rubber Thread Co., Inc. (NART), filed for bankruptcy and ceased operations. *Id.* at 1349. Commerce initiated the CCR and revoked the order, effective October 1, 2003. *Id.* Heveafil filed suit pursuant to 28 U.S.C. § 1581(c), seeking an earlier revocation date of October 1995.

Although NART opposed the earlier effective date during the CCR, NART later reached a settlement agreement with Heveafil. *Id.* at 1349-1350. After the settlement, NART asked Commerce to initiate another CCR to move the effective revocation date to October 1, 1995. Commerce declined to initiate a second CCR, and both Heveafil and NART filed lawsuits

challenging that decision, seeking to invoke the Court's jurisdiction pursuant to § 1581(i).  *See Trustees v. United States*, 464 F. Supp. 2d 1350, 1539 (Ct. Int'l Trade 2006).  The two cases were consolidated, and this Court held that it possessed jurisdiction pursuant to § 1581(i).  *Id.*

On appeal, the Federal Circuit held that NART had established residual jurisdiction, but Heveafil had not.  *Trustees*, 593 F.3d at 1352.  Residual jurisdiction pursuant to § 1581(i) is not available when "jurisdiction under another subsection of § 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate." *Trustees*, 593 F.3d at 1351 (quoting *Int'l Custom Prods. v. United States,* 467 F.3d 1324, 1327 (Fed. Cir. 2006); *Norcal/Crosetti Foods, Inc. v. United States,* 963 F.2d 356, 359 (Fed. Cir. 1992)).  Heveafil could not establish § 1581(i) jurisdiction because it had an alternative avenue to pursue "the same ultimate outcome" in another case.[1]  *Id.* at 1352.  Specifically, Heveafil could seek an earlier revocation date by pursuing its challenge to the first CCR pursuant to § 1581(c).  This alternative was not "manifestly inadequate," but could be "even more favorable" by enabling Heveafil to pursue an order "compelling Commerce to change the effective date of the revocation."  *Id.*  Because Heveafil could have pursued the same ultimate outcome—or better—under the 1581(c) alternative, this Court lacked residual jurisdiction.

By contrast, NART successfully opposed the earlier revocation date during the Commerce proceedings, and thus could not have challenged Commerce's determination during the first 1581(c) case.  In other words, "there was no change in circumstances between the original issuance of the antidumping duty order and the first changed circumstances review that

---

[1] The Court's assessment of the "ultimate outcome" sought by Heveafil thus aligns with other cases assessing "the true nature of the action" in assessing whether jurisdictional alternatives are—or could have been—available.  *See Sunpreme Inc. v. United States*, 892 F.3d 1186, 1193-94 (Fed. Cir. 2018) (citation omitted).

2

would have warranted NART's supporting the 1995 revocation date during that review," and thus NART "could not have brought a CIT challenge under § 1581(c) to Commerce's rejection of such an argument." *Id.* at 1352. "Circumstances did change, though, between the first changed circumstances review and the parties' request for a second changed circumstances review: thanks to the settlement agreement between NART and Heveafil[.]" *Id.* Thus, absent any jurisdictional alternative, NART had established 1581(i) jurisdiction to challenge "Commerce's refusal to initiate" the requested CCR. *Id.* at 1352-1353.

Like the foreign producer in *Trustees*, Houston Shutters LLC had an alternative remedy to achieve the same ultimate outcome sought in this case and, thus, fails to establish jurisdiction pursuant to 28 U.S.C. § 1581(i). Specifically, the ultimate outcome requested by Houston Shutters is a scope exclusion for shutters, retroactive to the underlying investigations. Appx557-558, ECF No. 19. As an "interested party" under 19 U.S.C. § 1677(9)(A), Houston Shutters could have achieved this outcome—or better—by participating in the underlying investigations, which are reviewable under 28 U.S.C. § 1581(c), yet failed to do so.

Moreover, unlike NART, Houston Shutters has not identified any "change in circumstances" in the nature of wooden shutters since the investigation. *See Trustees*, 593 F.3d at 1352. Indeed, another importer—Lanzhou Xinyoulian—requested nearly the same scope exclusion during the investigations. *See* Appx168-169, Appx228-231, ECF No. 19. Lanzhou Xinyoulian would be unable to rely on § 1581(i) jurisdiction to present new variants of the same argument regarding the scope exclusion that Commerce decided in the investigations. Houston Shutters is in no better position when it could have participated in the investigations but failed to do so. *See* Mot. to Dismiss at 9-10, ECF No. 14.

3

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | YAAKOV M. ROTH<br>Acting Assistant Attorney General |
|  | PATRICIA M. McCARTHY<br>Director |
|  | /s/ Claudia Burke<br>CLAUDIA BURKE<br>Deputy Director |
| OF COUNSEL:<br><br>RUSLAN KLAFEHN<br>Attorney<br>Office of the Chief Counsel<br>For Trade Enforcement & Compliance<br>U.S. Department of Commerce<br>1401 Constitution Avenue, NW<br>Washington, DC 20230 | /s/ Emma E. Bond<br>EMMA E. BOND<br>Senior Trial Counsel<br>BRENDAN D. JORDAN<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, DC 20530<br>Telephone: (202) 616-0342<br>Email: Brendan.d.jordan@usdoj.gov |
| Date: June 9, 2025 | Attorneys for Defendant |

4