## UNITED STATES COURT OF INTERNATIONAL TRADE

## BEFORE: THE HONORABLE LEO M. GORDON, SENIOR JUDGE

| | | |
|---|---|---|
| HOUSTON SHUTTERS LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Court No. 24-00193 |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |

## <u>PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL BRIEF</u>

Jordan C. Kahn

GRUNFELD, DESIDERIO, LEBOWITZ
SILVERMAN & KLESTADT LLP

1201 New York Ave., NW, Suite 650
Washington, DC 20005
(202) 783-6881

June 20, 2025

## <u>TABLE OF CONTENTS</u>

I.    *TRUSTEES* DOES NOT SUPPORT DEFENDANT'S MOTION TO DISMISS.................. 1

II.   19 U.S.C. § 1675(b)(4) INVALIDATES DEFENDANT'S CONCERN ............................. 3

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Greenfirst Forest Prods. Inc. v. United States*,
    604 F. Supp. 3d 1368, 1370 (CIT 2022) ...................................................................1

*Inspired Venture v. United States*,
    2024 WL 4616192 (Oct. 30, 2024) ......................................................................1, 3

*Itochu Bldg. Prods. v. United States*,
    733 F.3d 1140 (Fed. Cir. 2013) ................................................................................2

*Trustees in Bankruptcy of North American Rubber Thread Co. v. United States*,
    593 F.3d 1346 (Fed. Cir. 2010) .......................................................................1, 2, 3

**Statutes**

28 U.S.C. § 1581 ..............................................................................................................1, 2, 3

28 U.S.C. § 1675 ......................................................................................................................3

**Regulations**

19 C.F.R. § 351.216 .................................................................................................................3

Plaintiff Houston Shutters LLC responds to the Supplemental Brief filed by Defendant on June 9, 2025 ("Supp. Br."), asking this Court to deny Defendant's Motion to Dismiss because:

1. *Trustees in Bankruptcy of North American Rubber Thread Co. v. United States*, 593 F.3d 1346 (Fed. Cir. 2010) ("*Trustees*") confirms this Court having jurisdiction over Plaintiff's challenge to the U.S. Department of Commerce's ("Commerce") refusal to initiate a changed circumstances review ("CCR") to exclude wood shutter components from the antidumping/countervailing duty ("AD/CVD") orders on wood mouldings and millwork products from China; and

2. Defendant misplaces reliance on *Trustees* to argue that the CCR could have been brought immediately following the AD/CVD investigations, a concern invalidated by the statute and regulation requiring that CCRs filed within two years of order issuance be supported by good cause – a pre-initiation sufficiency determination inapplicable to Plaintiff's CCR.

## I.     *TRUSTEES* **DOES NOT SUPPORT DEFENDANT'S MOTION TO DISMISS**

The CAFC in *Trustees* found that the domestic industry, NART, was able to have its 2005 challenge to Commerce's refusal to initiate a CCR over the timing for revocation of the AD order on extruded rubber thread from Malaysia proceed under 19 U.S.C § 1581(i), 593 F.3d at 1354 – the jurisdictional basis for which this Court recognizes such appeals may proceed. *See Greenfirst Forest Prods. Inc. v. United States*, 604 F. Supp. 3d 1368, 1370 (CIT 2022). Yet the CAFC found that the foreign industry, Heveafil, was unable to proceed with its 2005 CCR appeal under 19 U.S.C § 1581(i), because it had: in 2004 filed a CCR seeking the same AD order revocation, that had been in fact granted by Commerce; and already appealed that earlier CCR determination based on revocation effective date. *Trustees*, 593 F.3d at 1352-53. "**Prevailing on a motion to dismiss based on a jurisdictional dispute presents a high bar**." *Inspired Venture v. United States*, 2024 WL 4616192, *3 (CIT Oct. 30, 2024) (emphasis added). Nevertheless, the CAFC dismissed Heveafil's appeal to the second CCR because "Heveafil has available to it another route to the same ultimate outcome. Heveafil brought a CIT challenge to Commerce's decision in the first {CCR}." *Trustees*, 593 F.3d at 1352.

*Trustees* supports Plaintiff because there Defendant unsuccessfully argued that NART should have been precluded from appealing: "The United States argues that NART could have brought an action challenging the first {CCR}, as Heveafil did . . . . **Circumstances did change**, though, between the first {CCR} and the parties' request for a second {CCR}." *Id*. (emphasis added). Plaintiffs' position in this appeal is akin to that of NART and this Court should reject Defendant's position that jurisdiction does not lie merely because Plaintiff "could have brought an action challenging the" initial inclusion of wood shutter components. *Id*. Plaintiff like NART only filed one CCR and, in the intervening years since the underlying AD/CVD investigations, {c}ircumstances did change." *Id*. Specifically: the AD/CVD orders issued in February 2021, Plaintiff thereafter incurred AD/CVD liability, and Plaintiff submitted a CCR in July 2024 citing an extensive amount of material unavailable before AD/CVD order issuance – including, *inter alia*, the current status of domestic wood shutter component production. Plaintiff's Response to Defendant's Motion to Dismiss (Mar. 12, 2025) ("Pl. Resp."), at 9-10.

Defendant's strained analogy to Heveafil rests on its view that Plaintiff "had an alternate remedy to achieve the same ultimate outcome in this case." Def. Br. at 3. Plaintiff could not in the investigations achieve the fundamentally dissimilar relief of a post-order scope exclusion, let alone based on ample new information presented. Pl. Resp. at 7-12. Although Plaintiff asked that the exclusion apply to unliquidated entries, Commerce may not have agreed. Indeed, Commerce and this Court found such CCR retroactive relief was inappropriate before reversal by the CAFC in *Itochu Bldg. Prods. v. United States*, 733 F.3d 1140, 1145-48 (Fed. Cir. 2013). That Commerce and/or this Court could find that a prospective exclusion for wood shutter components is warranted disproves Defendant's theory that Plaintiff is similarly situated as Heveafil; the better analogue is NART supporting jurisdiction under 19 U.S.C § 1581(i).

2

## II.    19 U.S.C. § 1675(b)(4) INVALIDATES DEFENDANT'S CONCERN

Defendant's overarching concern, for which it relies on *Trustees*, is that "Lanzhou Xinyoulian would be unable to rely on § 1581(i) jurisdiction to present new variant of the same argument regarding the scope exclusion that Commerce decided in the investigations. Houston Shutters is in no better position . . . ." Supp. Br. at 3. Yet the statue and Commerce regulation prevent parties from seeking such an immediate CCR without a threshold sufficiency showing: "In the absence of good cause shown," Commerce "may not" conduct a CCR "less than 24 months after the date of publication of notice of that determination." 19 U.S.C. § 1675(b)(4); 19 C.F.R. § 351.216(c). This statutory and regulatory presumption that circumstances have not changed within two years of AD/CVD order issuance invalidates Defendant's concern.

Defendant ignores this mandate in arguing that Commerce properly made a pre-initiation CCR sufficiency determination for Plaintiff's CCR filed more than "than 24 months after the . . . final determination." *Id*. After these two years, there is no obligation on parties seeking scope exclusions via CCR to have done so during the investigations – which explains Commerce's consistent practice of initiating CCRs seeking scope exclusions that could have been raised during investigations. Pl. Br. at 14-15 & n.5. Defendant here contradicts Commerce practice by requiring that scope exclusions be sought during underlying investigations. Because the two-year regulatory period had elapsed and Plaintiff made a good faith evidentiary showing that circumstances had changed, this Court possesses jurisdiction to adjudicate Commerce refusal to initiate Plaintiff's CCR. Defendant's disregard of this critical CCR qualifier and misplaced reliance on *Trustees* do not satisfy the "high bar" necessary to preclude this Court from proceeding the merits of Plaintiff's appeal. *Inspired Venture*, 2024 WL 4616192, *3.

\*        \*        \*

Respectfully submitted,


/s/ Jordan C. Kahn
Jordan C. Kahn

GRUNFELD, DESIDERIO, LEBOWITZ
SILVERMAN & KLESTADT LLP

1201 New York Ave., NW, Suite 650
Washington, DC 20005
(202) 783-6881

Dated: June 20, 2025