Slip Op. 26-7

UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| HOUSTON SHUTTERS LLC, | |
| Plaintiff, | |
| v. | Before: Leo M. Gordon, Judge |
| UNITED STATES, | Court No. 24-00193 |
| Defendant. | |

**OPINION**

[Denying Defendant's motion to dismiss under USCIT Rule 12(b)(1).]

Dated: January 29, 2026

Jordan C. Kahn, Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt of New York, N.Y., argued for Plaintiff Houston Shutters LLC. With him on the brief was Alan R. Klestadt.

Emma E. Bond, Senior Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., argued for Defendant United States. With her on the briefs were Brett A. Shumate, Assistant Attorney General, Patricia M. McCarthy, Director, Claudia Burke, Deputy Director, and Brendan D. Jordan, Trial Attorney. Of counsel was Ruslan Klafehn, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, D.C.

Gordon, Judge: This action involves Plaintiff Houston Shutters LLC's challenge to the U.S. Department of Commerce's ("Commerce") decision not to initiate a changed circumstances review ("CCR")[1] with respect to whether wood shutter components were

---

[1] "A changed circumstances review is a statutorily required administrative process whereby Commerce, upon request, must review a final affirmative determination resulting in an antidumping duty order if an interested party has demonstrated the existence of changed circumstances sufficient to warrant review. Trs. in Bankr. of N. Am. Rubber

(footnote continued)

within the scope of the investigation covering millwork products from the People's Republic of China.  Plaintiff brought its challenge in the form of two separate actions seeking the same relief on the same facts, albeit under different jurisdictional provisions. Compare Compl., ECF No. 2 (action under 28 U.S.C. § 1581(i)), with Compl., Ct. No. 24-00175, ECF No. 8 (action under § 1581(c)).

Before the court is Defendant's motion to dismiss this action for lack of subject matter jurisdiction pursuant to USCIT Rule 12(b)(1).  See Def.'s Mot. to Dismiss, ECF No. 14 ("Def.'s Mot."); see also Pl.'s Resp., ECF No. 15; Def.'s Reply, ECF No. 16; Oral Arg., ECF No. 27 (May 29, 2025); Def.'s Supp. Br., ECF No. 29 ("Def.'s Supp. Br."); Pl.'s Supp. Resp., ECF No. 30 ("Pl.'s Supp. Resp.").  For the reasons set forth below, the court will deny Defendant's motion to dismiss this action.

## I. Standard of Review

The claimant carries "the burden of demonstrating that jurisdiction exists." Techsnabexport, Ltd. v. United States, 16 CIT 420, 422, 795 F. Supp. 428, 432 (1992) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936)).  If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action. USCIT Rule 12(h)(3).  In deciding a USCIT Rule 12(b)(1) motion to dismiss that does not challenge the factual basis for the complainant's allegations, the court assumes

---

Thread Co. v. United States, 30 CIT 1537, 1538 n.3, 464 F. Supp. 2d 1350, 1352 n.3 (2006), aff'd in part, rev'd in part, 593 F.3d 1346 (Fed. Cir. 2010) ("Trustees II") (citing 19 U.S.C. § 1675(b)(1)).

all factual allegations to be true and draws all reasonable inferences in the claimant's favor.  Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995).

However, where the "motion challenges a complaint's allegations of jurisdiction, the factual allegations in the complaint are not controlling and only uncontroverted factual allegations are accepted as true."  Shoshone Indian Tribe of Wind River Rsrv., Wyo. v. United States, 672 F.3d 1021, 1030 (Fed. Cir. 2012).  To "resolv[e] these disputed predicate jurisdictional facts, a court is not restricted to the face of the pleadings, but may review evidence extrinsic to the pleadings."  Id. (internal quotation marks and citation omitted).  Since the Government disputes the factual underpinnings of jurisdiction, the court may consider evidence outside of the complaint.  Shoshone Indian Tribe, 672 F.3d at 1030.

## II. Discussion

Defendant's argument hinges on the proposition that the court can determine the "true nature" of Plaintiff's action.  Problematically, Defendant fails to explain how the court is to apply this standard based on the factual allegations provided by Plaintiff.  Rather, Defendant generally leaves it to the court to determine which jurisdictional facts are at issue and to dig through the administrative record, unguided.  Defendant also urges the court to confirm that Plaintiff's alleged challenge to the denial of a CCR is spurious and instead that Plaintiff is truly seeking to challenge Commerce's initial scope determination. The sum and substance of the entirety of Defendant's argument is as follows:

> Houston Shutters cannot invoke jurisdiction under
> subsection 1581(i) in this matter because the true nature of
> Houston Shutters' action is a challenge to Commerce's

determination in the underlying antidumping and countervailing duty investigations that wood shutter components are covered by the scope of the orders. Because Houston Shutters could have challenged that decision before this Court pursuant to this Court's jurisdiction under section 1581(c), Houston Shutters is barred from pursuing a 1581(i) case instead. See 28 U.S.C. § 1581(i); 19 U.S.C. § 1516a(a)(2)(B)(i) (providing section 1581(c) jurisdiction over Commerce's affirmative final determinations in investigations); Sunpreme[, Inc. v. United States, 892 F.3d 1186, 1191 (Fed. Cir. 2018)].

That Houston Shutters characterizes its claim as a request to initiate a CCR as opposed to a challenge to the scope set in the investigations of these proceedings is irrelevant. This is because "[a] party may not expand a court's jurisdiction by creative pleading." Sunpreme, 892 F.3d at 1193 (quoting [Norsk Hydro Can., Inc. v. United States, 472 F.3d 1347, 1355 (Fed. Cir. 2006)]). Instead, the Court must "look to the true nature of the action . . . in determining jurisdiction of the appeal." Id. (quoting same). Indeed, the Federal Circuit has held multiple times that "recasting a scope dispute" as another type of challenge when the true nature of the action is a "scope dispute" does not create § 1581(i) jurisdiction. See, e.g., [TR Int'l Trading Co., Inc. v. United States, 4 F.4th 1363, 1369 (Fed. Cir. 2021)]; Sunpreme, 892 F.3d at 1193–94.

The true nature of what Houston Shutters seeks is reconsideration of whether the scope of the AD and CVD orders on millwork products from China should cover wood shutter components. Indeed, Houston Shutters specifically argues that Commerce was required to evaluate "the propriety of excluding wood shutter components from the AD/CVD Orders' scope" in its complaint and in the CCR initiation request it filed with Commerce. See Compl. at ¶16; see also Compl. at ¶¶ 1, 10, 15; Appx. [at] 521–22, 557–59. Houston Shutters also spends nearly all of its 42-page request to initiate a CCR attempting to distinguish wood shutter components from wood millwork products and providing information it claims would have been responsive to a 2020 Commerce inquiry regarding a scope exclusion request made by Lanzhou. However, these claims should have been brought at the time that Commerce made its scope determination in the investigations and not several years later as a section 1581(i) action.

Although Houston Shutters was not a party to the original proceeding, it asserts standing in this case on the basis that it is an "interested party." <u>See</u> Compl. at ¶¶ 3, 9. However, as an "interested party" it had the ability to participate in the original investigation. <u>See</u> 85 Fed. Reg. at 6,503; 85 Fed. Reg. at 6,514. Houston Shutters' failure to do so is no basis for 1581(i) jurisdiction. <u>See</u> <u>Rimco Inc. v. United States</u>, 98 F.4th 1046, 1054 (Fed. Cir. 2024) ("Rimco failed to pursue the administrative avenue available to it and thereby missed its opportunity to challenge the rates set by Commerce. It cannot avoid the consequences of that failure through the exercise of the court's section 1581(i) jurisdiction.") (internal quotation marks omitted).

Further, Houston Shutters did not truly identify any "changed circumstances" in its request for a CCR, nor does it truly identify any changed circumstances in its complaint before this Court. Instead, Houston Shutters is simply attempting to submit argumentation and evidence it could have, but did not provide, during the investigations and calling that information "changed circumstances." This is improper. Though labeled and characterized as a CCR initiation request, it is clear from the face of both its July 2024 CCR initiation request and its complaint that Houston Shutters is simply seeking to relitigate the scope determinations made during the investigations. Because this is the "true nature" of Houston Shutters' claim, this Court does not possess jurisdiction under 28 U.S.C. § 1581(i).

Def.'s Mot. at 8–10 (some internal citations omitted)[2].

Defendant maintains that the "true nature" of this action is not a challenge to Commerce's refusal to initiate a CCR, but rather to Commerce's scope determination in the underlying investigation. In support of its position, Defendant relies heavily on the decision of the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") in

---

[2] The court notes that the final paragraph in Defendant's argument indicates that there may be strong arguments as to why Plaintiff cannot prevail <u>on the merits</u>, however, such arguments do not lead to the conclusion that the court lacks subject-matter jurisdiction.

Sunpreme as a legal basis for the court's authority to disregard the facts as alleged by Plaintiff in its complaint. See Oral Arg. at 1:32:30–1:34:00;[3] see also Def.'s Mot. at 7–9; Def.'s Reply at 4, 7–9.

Plaintiff distinguishes Sunpreme, explaining that that decision did not involve a CCR request predicated on the submission of newly available information. Plaintiff highlights that here, "[b]y contrast, Plaintiff in 2024 – based on new information[] – sought to retroactively eliminate AD/CVD on wood shutter components that Commerce had already found were in scope. Had Sunpreme, based on new information, requested a CCR to exclude its solar cells that Commerce declined to initiate, this Court would possess jurisdiction over that appeal under 28 U.S.C. § 1581(i)." Pl.'s Resp. at 8; see also id. at 10–11 (further highlighting that "Plaintiff provided Commerce with a plethora of fresh data" including schematics and videos depicting "wood shutter component production, and images of the final product, as contrasted with diagrams of domestic wood moulding and millwork production," as well as various articles published after February 2021 (i.e., after publication of underlying AD/CVD Orders) discussing and describing wood shutter component merchandise). Despite Houston Shutters' argument that its requested

_____

[3] Defendant's counsel at oral argument also referenced the decision in Trustees II, 593 F.3d 1346, and submitted a supplemental brief as to the relevance of that opinion on this issue. See Def.'s Supp. Br.; Oral Arg. at 25:30–27:45, 28:30–29:50, 43:00–44:00; see also id. at 52:40–54:50 (discussing Defendant's failure to cite Trustees II in its motion in this action and need for supplemental briefing). For the reasons set forth in Plaintiff's supplemental response, ECF No. 30, as well as for the reasons provided in the body of this Opinion, the court remains unpersuaded that the Trustees II and the Sunpreme opinions support the dismissal of this action where Plaintiff has made allegations challenging Commerce's decision not to initiate a CCR based upon newly submitted information.

relief was "based on new information that was not available during the investigations," Defendant contends that "the availability of new or different information does not render a remedy manifestly inadequate under § 1581(c)."  Def.'s Reply at 11.  The court agrees with Plaintiff and concludes that Defendant's response misses the mark.   The new information not available during the investigation directly relates to whether Commerce should have initiated a CCR, which in turn directly goes to Plaintiff's alleged basis for jurisdiction under § 1581(i).  See Pl.'s Resp. at 8–9.

Crucially, Defendant fails to explain how the court, in evaluating the propriety of jurisdiction, can disregard Plaintiff's allegations regarding factual information that arose after the investigation in support of its changed circumstances review.  See generally Def.'s Reply at 11–14 (maintaining that Plaintiff's arguments as to "new information" go to "merits" and failing to explain how such information could have been considered by Commerce in scope determination nor how court can disregard Plaintiff's allegation regarding reliance on new information in CCR request); see also Pl.'s Resp. at 9–11 (explaining how "Plaintiff's CCR Request Contained Extensive New Information Constituting A Changed Circumstance," including a "declaration of an industry expert executed in May 2024" incorporating information post-dating February 2021 issuance of the underlying AD/CVD Orders at issue); Compl. ¶¶ 1–2, 10, 15–16 (alleging that Plaintiff "provided information 'which shows changed circumstances sufficient to warrant a review'" and challenging Commerce's failure to conduct a CCR under 28 U.S.C. § 1581(i)); Oral Arg. at 40:30–49:00 (discussion with counsel as to court's concern that Defendant's arguments go to merits, rather than jurisdiction).

Court No. 24-00193                                                                 Page 8

In support of its motion and in contravention of Plaintiff's allegations, Defendant submitted, along with its motion, a confidential appendix with over 500 pages of record information pertaining to the underlying investigation and determination not to initiate a CCR.  See App. to Def.'s Mot. to Dismiss, ECF No. 14-1.  Defendant encourages the court to review this submission and rely on certain snippets of information therein to resolve "disputed predicate jurisdictional facts."  See Def.'s Mot. at 6 (citing Nat'l Nail Corp. v. United States, 42 CIT ___, ___, 335 F. Supp. 3d 1321, 1325 (2018) (quoting Shoshone Indian Tribe, 672 F.3d at 1030)).  Notably, Defendant acknowledges that if Houston Shutters had alleged a substantive change and new information that could not have been alleged at the time of the investigation, jurisdiction may be appropriate under § 1581(i).  See Oral Arg. at 38:30–42:05 ("If Houston Shutters identified something, something substantive, that they could not have presented to Commerce in the underlying investigation, then it would be a different situation.").  However, here, Defendant urges the court to disregard any new information presented by Plaintiff as "cumulative" and maintains that the crux of Plaintiff's requested relief is not the refusal to initiate a CCR, but rather the underlying scope determination in the investigation.  See, e.g., Oral Arg. at 1:32:22–1:34:05 (maintaining that Plaintiff failed to demonstrate that it met jurisdictional burden after jurisdictional facts have been challenged).

Defendant maintains that in light of its submitted jurisdictional fact information, the court can conclude that "it is clear from the face of both its July 2024 CCR initiation request and its complaint that Houston Shutters is simply seeking to relitigate the scope determinations made during the investigations."  Def.'s Mot at 10.  Thus, Defendant

contends that, once the court recognizes the "true nature" of Houston Shutters' claim, it must hold that there is no jurisdiction under 28 U.S.C. § 1581(i).  Id.  (arguing that "Houston Shutters is simply attempting to submit argumentation and evidence it could have, but did not provide, during the investigations and calling that information 'changed circumstances.' … Though labeled and characterized as a CCR initiation request, it is clear from the face of both its July 2024 CCR initiation request and its complaint that Houston Shutters is simply seeking to relitigate the scope determinations made during the investigations.").  Significantly, Defendant does not identify precisely which "jurisdictional facts" it is contesting, and instead merely provides the court with a footnote indicating that the "Appendix [Defendant has] attached to this motion contain[s] documents that relate to such jurisdictional facts."  Id. at 6 n.2.

Defendant also places great reliance on National Nail Corp. v. United States, 42 CIT ___, 335 F. Supp. 3d 1321 (2018).  Unfortunately, that reliance is misplaced for multiple reasons.  For one, that action did not involve a CCR request, but rather a challenge to Commerce's calculation of an all-others rate in an investigation.  See Nat'l Nail, 335 F. Supp. 3d at 1324–25.  Additionally, it was undisputed that the plaintiff there could have but failed to participate in the underlying proceeding and maintained jurisdiction under 1581(c).  Id. at 1326.

At oral argument, the court explored the application of Defendant's proposed "true nature" test with respect to Plaintiff's challenge to the refusal to initiate a CCR.  See Oral Arg. at 23:25–25:25.  Specifically, the court engaged Defendant's counsel in a lengthy colloquy to attempt to determine workable guidelines or standards that could be applied

in making such a determination at the motion to dismiss stage.  Id. at 25:30–49:15, 54:55–

1:09:19.  While Defendant initially suggested that the court could base its determination

on the nature of the "relief" requested in the complaint, the court's subsequent discussion

with counsel resulted in the apparent recognition by Defendant that a relief-focused

analysis could not be feasibly applied, especially as potential plaintiffs may adjust their

requested relief in their proposed complaints to secure jurisdiction.  Id. at 25:30–31:00,

42:00–44:45, 54:55–1:03:00, 1:39:30–1:41:45.

      Given this concession, Defendant is unable to persuade the court that the type of

searching "true nature" inquiry applied in Trustees II, Sunpreme, and National Nail, and

the other precedent on which Defendant relies, warrants dismissal here.  Cf. Trustees II,

593 F.3d at 1352–54 (recognizing availability of § 1581(i) jurisdiction for domestic industry

challenging Commerce's refusal to initiate CCR, but denying availability of jurisdiction for

foreign industry to bring similar claim given that the foreign entity already had alternative

available remedy in form of challenging previously conducted CCR); Sunpreme, 892 F.3d

at 1191–93 (concluding that there was no jurisdiction to support challenge under

28 U.S.C. § 1581(i) to U.S. Customs and Border Protection finding that entries of solar

cells from China were subject to AD/CVD when Sunpreme could have requested scope

ruling from Commerce appealable under 28 U.S.C. § 1581(c)); Nat'l Nail, 335 F. Supp.

3d at 1326 (concluding Plaintiff could not establish § 1581(i) jurisdiction in challenge to

all-others rate where challenge could have been brought under § 1581(c)).

      Plaintiff has alleged facts that reveal new information not available at the time of

the antidumping and countervailing duty investigations.  Defendant has not demonstrated

Court No. 24-00193                                                    Page 11

why that information does not support Plaintiff's Complaint.  If anything, Defendant's arguments go to the merits of the action.  Just because Plaintiff has pled sufficient information to meet the plausibility standard does not mean that Plaintiff will prevail on the merits.  Furthermore, in light of Defendant's inability to reconcile its request to dismiss this action with a standard that can be feasibly applied to Plaintiff's claims plausibly alleging the wrongful denial of a CCR in light of new information, the court concludes that it will deny Defendant's motion to dismiss.

### III. Conclusion

For the foregoing reasons, the court will deny Defendant's Rule 12(b)(1) motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction.  The parties shall file a joint proposed schedule for further proceedings in this action on or before Tuesday, February 10, 2026.  If the parties are unable to agree, they shall file a separate proposed schedule on or before that date.


                                                    /s/ Leo M. Gordon
                                                 Judge Leo M. Gordon


Dated: January 29, 2026
       New York, New York