**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE LEO M. GORDON, SENIOR JUDGE**

| | | |
|---|---|---|
| | : | |
| HOUSTON SHUTTERS LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Court No. 24-00193 |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**<u>ORDER</u>**

Upon consideration of the Motion for Judgment on the Agency Record filed by Plaintiff Houston Shutters LLC, and all other papers and proceedings herein, it is hereby:

**ORDERED** that Plaintiff's Motion is GRANTED; and it is further

**ORDERED** that the contested final determination of the U.S. Department of Commerce ("Commerce") in its Determination Not to Initiate a Changed Circumstances Review, Wood Mouldings and Millwork Products from the People's Republic of China Changed Circumstances Review for Wood Shutter Components Scope Exclusion (Aug. 15, 2024), ECF 35-2, 35-6, P.R. 37, is arbitrary, capricious, an abuse of discretion, not supported by substantial evidence on the record, and otherwise not in accordance with law; and it is further

**ORDERED** that this matter is remanded to Commerce for reconsideration of the Determination Not to Initiate a Changed Circumstances Review in accordance with the decision of this Court.

      **SO ORDERED**

                                                    _____

                                                    Leo M. Gordon, Senior Judge

Dated: _____, 2026
      New York, New York

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE LEO M. GORDON, SENIOR JUDGE**

|  |  |  |
|---|---|---|
| HOUSTON SHUTTERS LLC, | : | |
| Plaintiff, | : | |
| v. | : | Court No. 24-00193 |
| UNITED STATES, | : | |
| Defendant. | : | |

**PLAINTIFF'S MOTION FOR JUDGMENT ON THE AGENCY RECORD**

Pursuant to Rule 56.1 of the Rules of the U.S. Court of International Trade, Plaintiff

Houston Shutters LLC respectfully moves for judgment on the administrative record. For the

reasons set forth in the accompanying brief in support of its motion, Plaintiff requests that the

Court determine that the U.S. Department of Commerce's Determination Not to Initiate a

Changed Circumstances Review, Wood Mouldings and Millwork Products from the People's

Republic of China Changed Circumstances Review for Wood Shutter Components Scope

Exclusion (Aug. 15, 2024), ECF 35-2, 35-6, P.R. 37, is arbitrary, capricious, an abuse of

discretion, not supported by substantial evidence on the record, and is otherwise not in

accordance with law.

Respectfully submitted,

GRUNFELD, DESIDERIO, LEBOWITZ,
SILVERMAN & KLESTADT LLP

*/s/ Jordan C. Kahn*
Alan R. Klestadt
Jordan C. Kahn*

599 Lexington Avenue FL 36
New York, NY 10022

-and-
*1201 New York Ave., NW, Suite 650
Washington, DC 20005

*Counsel for Plaintiff Houston Shutters LLC*

Dated: May 28, 2026

2

# UNITED STATES COURT OF INTERNATIONAL TRADE

## BEFORE: THE HONORABLE LEO M. GORDON, SENIOR JUDGE

|  |  |
|---|---|
| HOUSTON SHUTTERS LLC, | : |
| Plaintiff, | : |
| v. | : Court No. 24-00193 |
| UNITED STATES, | : |
| Defendant. | : |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RULE 56.1 MOTION FOR JUDGMENT ON THE AGENCY RECORD

Alan R. Klestadt
Jordan C. Kahn*

GRUNFELD, DESIDERIO, LEBOWITZ,
SILVERMAN & KLESTADT LLP

599 Lexington Avenue FL 36
New York, NY 10022
-and-
*1201 New York Ave., NW, Suite 650
Washington, DC 20005

*Counsel for Plaintiff Houston Shutters LLC*

Dated: May 28, 2026

**TABLE OF CONTENTS**

STATEMENT PURSUANT TO USCIT RULE 56.1 ....................................................... 1
ISSUES OF LAW PRESENTED AND SUMMARY OF ARGUMENT ..................................... 1
REASONS FOR CONTESTING THE DETERMINATION......................................................... 2
STANDARD OF REVIEW ...................................................................................................... 3
STATEMENT OF FACTS ....................................................................................................... 4
ARGUMENT: COMMERCE UNLAWFULLY DECLINED TO INITIATE A CCR................ 11
   A.   Plaintiff Satisfied All Statutory Criteria of Section 751(b) of the Act ............................ 11
   B.   Commerce Improperly Declined to Initiate Based on Section 782(h) of the Act............. 13
   C.   Commerce Insufficiently Explained Its Determination Not to Initiate a CCR................. 16
CONCLUSION.................................................................................................................... 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bowman Transp., Inc. v. Ark.-Best Freight System, Inc.*,
    419 U.S. 281 (1974)...........................................................................................3, 4, 17

*Calgon Carbon Corp. v. United States*,
    145 F. Supp. 3d 1312 (CIT 2016)...............................................................................5

*Chevron, U.S.A., Inc. v. NRDC, Inc.*,
    467 U.S. 837 (1984)....................................................................................................4

*Consol. Edison Co. v. NLRB*,
    305 U.S. 197 (1938)...............................................................................................3, 13

*Gerald Metals, Inc. v. United States*,
    132 F.3d 716 (Fed. Cir. 1997)................................................................................3, 18

*Houston Shutters LLC v. United States*,
    815 F. Supp. 3d 1418 (CIT 2026)............................................................................10

*Houston Shutters LLC v. United States*,
    816 F. Supp. 3d 1349 (CIT 2026)......................................................................10, 12

*Hyundai Elecs. Indus. Co., v. United States*,
    899 F.2d 1204 (Fed. Cir. 1990)..............................................................................3, 13

*Itochu Bldg. Prods. v. United States*,
    733 F.3d 1140 (Fed. Cir. 2013)...................................................................................6

*Itochu Bldg. Prods. v. United States*,
    Court No. 11-208, 2014 WL 1363999 (CIT Apr. 8, 2014)......................................6, 7

*Loper Bright Enter. v. Raimondo*,
    603 U.S. 369 (2024).....................................................................................2, 4, 14, 15

*Motor Vehicle Mfgrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*,
    463 U.S. 29 (1983).................................................................................................3, 16

*Reyes-Gaona v. North Carolina Growers Ass'n*,
    250 F.3d 861 (Fed. Cir. 2001)...................................................................................15

*Slater Steels Corp. v. United States*,
    316 F. Supp. 2d 1368 (CIT 2004)..............................................................................16

*Star Fruits S.N.C. v. United States,*
 393 F.3d 1277 (Fed. Cir. 2005)...................................................................................3

*Torrington Co. v. United States*,
 82 F.3d 1039 (Fed. Cir.1996)....................................................................................16

*WelCom Prods., Inc. v. United States*,
 865 F. Supp. 2d 1340 (CIT 2012)....................................................................3, 13, 16

*Wheatland Tube Co. v. United States*,
 161 F.3d 1365 (Fed. Cir. 1369)..................................................................................3

**Statutes**

5 U.S.C. § 706............................................................................................................3, 16

28 U.S.C. § 1581........................................................................................................3, 10

19 U.S.C. § 1675.................................................................................................... *passim*

19 U.S.C. § 1677m................................................................................................. *passim*

**Regulations**

19 C.F.R. § 351.216..................................................................................................11, 15

19 C.F.R. § 351.222..........................................................................................14, 15, 16, 19

19 C.F.R. § 351.301.......................................................................................................8

**Rules**

Fed. Rule Evid. 201 .......................................................................................................5

USCIT Rule 56.1 ...........................................................................................................1

**Federal Register Notices & Publications**

*Certain Hardwood Plywood Products from the People's Republic of China: Final
 Results of Changed Circumstances Reviews, and Revocation of the
 Antidumping and Countervailing Duty Orders in Part*, 86 Fed. Reg. 29,562
 (June 2, 2021)..............................................................................................................6

*Circular Seamless Stainless Steel Hollow Products from Japan: Notice of Final
 Determination of Sales at Less Than Fair Value*, 65 Fed. Reg. 42,985
 (July 12, 2000) ...................................................................................................9, 10, 18

*Steel Wire Garment Hangers from the People's Republic of China: Final Results of Changed Circumstance Review, and Revocation in Part of Antidumping Duty Order,* 74 Fed. Reg. 50,956 (Oct. 2, 2009) ...........................................................6

*Wood Mouldings and Millwork Products from Brazil and the People's Republic of China: Initiation of Less-Than-Fair-Value Investigations,* 85 Fed. Reg. 6502 (Feb. 5, 2020) ......................................................................4

*Wood Mouldings and Millwork Products from the People's Republic of China: Amended Final Antidumping Duty Determination and Antidumping Duty Order,* 86 Fed. Reg. 9486 (Feb. 16, 2021)........................................................5, 6, 7

*Wood Mouldings and Millwork Products from the People's Republic of China: Coiuntervailing Duty Order,* 86 Fed. Reg. 9484 (Feb. 16, 2021) ....................................5, 6, 7

*Wood Mouldings and Millwork Products from the People's Republic of China: Initiation of Countervailing Duty Investigation,* 85 Fed. Reg. 6513 (Feb. 5, 2020).........................................................................................4

**Other Authorities**

MERRIAM-WEBSTER.................................................................................................11, 12

Plaintiff Houston Shutters LLC submits this Memorandum of Law to support its Motion for Judgment on the Agency Record.

## STATEMENT PURSUANT TO USCIT RULE 56.1

This is an appeal from the U.S. Department of Commerce's ("Commerce" or the "Department") Determination Not to Initiate a Changed Circumstances Review, Wood Mouldings and Millwork Products from the People's Republic of China Changed Circumstances Review for Wood Shutter Components Scope Exclusion (Aug. 15, 2024), ECF 35-2, 35-6, P.R. 37.[1] Specifically, Plaintiff challenges Commerce's Determination not to initiate a Changed Circumstances Reveiew ("CCR") on the antidumping duty ("ADD") and countervailing duty ("CVD") orders on Mouldings and Millwork Products from the People's Republic of China ("China").

## ISSUES OF LAW PRESENTED AND SUMMARY OF ARGUMENT

1. Plaintiff satisfied all statutory criteria requiring Commerce to initiate a CCR for the exclusion of wood shutter components. That statute mandates that Commerce "shall" conduct a CCR upon a request that shows sufficient changed circumstances. Using dictionary definitions, Plaintiff here satisfied this low threshold. First, Plaintiff provided information specifically requested by Commerce in the underlying investigations that had not been provided at that time. Next, Plaintiff provided a plethora of new evidence establishing the necessity for conducting a CCR. Given satisfaction of all statutory criteria, Commerce unlawfully failed to initiate the CCR requested by Plaintiff on this record.

---

[1]    "P.R." refers to the public record number identified in the administrative record filed by Commerce on February 27, 2026, ECF 35. Although there are technically two separate records for the ADD and CVD CCR segments, those indices and administrative records that have been submitted by Commerce in their entirety are identical. ECF 35-3–4, 35-6–7.

2.    Commerce unlawfully declined to initiate the CCR requested by Plaintiff through conflation of the CCR statutory requirement with an entirely separate statute concerning revocation, based on petitioner opposition. As a matter of statutory interpretation, the distinct statutory revocation provision should not be made a prerequisite for the CCR statute. Commerce was required by law to interpret the CCR statute according to its own terms and not add on a prerequisite from another provision. This result is compelled by the recent Supreme Court ruling *Loper Bright*. Commerce's interpretation further violated applicable Department regulations. The CCR regulation provides an express limitation on initiating such reviews that does not reference the revocation statute. The revocation regulation in fact expressly allows for revocation in circumstances beyond where the domestic industry consents. Accordingly, Commerce in declining to initiate a CCR violated its own regulations – in addition to the statutory mandate.

3.    Commerce unlawfully failed to sufficiently explain its Determination Not to Initiate a CCR. Commerce neglected to explain why it was conflating the CCR requested of it by Plaintiff with satisfaction of an entirely separate statutory provision, by instead simply stating the two statutory sections next to one another without identifying any nexus between them. The scant Commerce rationale provided makes the inapposite point that petitioners need not produce all products they desire to be covered by the scope, given CAMP's assertion that it does produce wood shutter components. Commerce otherwise improperly accepted CAMP's representations on faith and disregarded the plethora of evidence concerning administrability of the proposed exclusion. Authorizing petitioners to prevent CCR initiation in this manner is contrary to law.

## **REASONS FOR CONTESTING THE DETERMINATION**

Plaintiff's reasons for contesting Commerce's Determination Not to Initiate a CCR are set out in this Memorandum.

2

**STANDARD OF REVIEW**

Actions brought under 28 U.S.C. § 1581(i) are reviewed pursuant to the Administrative Procedures Act, which requires courts to "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The "touchstone" of this standard is "rationality" such that agency decisions will be invalidated if there has been "a clear error in judgment." *Hyundai Elecs. Indus. Co., v. United States*, 899 F.2d 1204, 1209 (Fed. Cir. 1990).

"An abuse of discretion occurs where the decision is based on an erroneous interpretation of the law, on factual findings that are not supported by substantial evidence, or represent an unreasonable judgment in weighing relevant factors." *WelCom Prods., Inc. v. United States*, 865 F. Supp. 2d 1340, 1344 (CIT 2012) (citing *Star Fruits S.N.C. v. United States*, 393 F.3d 1277, 1281 (Fed. Cir. 2005)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938). Substantial evidence requires more than mere assertion of "evidence which in and of itself justified {the determination}, without taking into account contradictory evidence or evidence from which conflicting inferences could be drawn." *Gerald Metals, Inc. v. United States*, 132 F.3d 716, 720 (Fed. Cir. 1997) (quotation omitted).

"{C}ourts look for a reasoned analysis or explanation for an agency's decision as a way to determine whether a particular decision is arbitrary, capricious, or an abuse of discretion." *Wheatland Tube Co. v. United States*, 161 F.3d 1365, 1369 (Fed. Cir. 1369). Commerce, as any agency, must "cogently explain why it has exercised its discretion in a given manner." *Motor Vehicle Mfgrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 48 (1983). Commerce is obligated to "articulate a rational connection between the facts found and the

3

choice made." *Bowman Transp., Inc. v. Ark.-Best Freight System, Inc.*, 419 U.S. 281, 285-86 (1974).

In reviewing whether Commerce's statutory interpretation is in accordance with the law, the U.S. Supreme Court recently overruled *Chevron, U.S.A., Inc. v. NRDC, Inc.*, 467 U.S. 837 (1984), which had previously directed courts to defer to reasonable interpretations of ambiguous statutes by administrative agencies. *Loper Bright Enter. v. Raimondo*, 603 U.S. 369, 369-70, (2024) ("Courts need not . . . defer to an agency interpretation of the law simply because a statute is ambiguous."). *Loper Bright* underscores the "solemn duty of the Judiciary" to interpret statutes and "say what the law is." *Id*. at 385 (internal quotations omitted). Further, *Loper Bright* forecloses this Court from affirming Commerce's decision merely upon finding that the government's statutory interpretations is "reasonable," and for that reason alone, "must" affirm. *Id*. at 395, 400. *Loper Bright* clarified that it "makes no sense to speak of a 'permissible' interpretation that is not the one the court, after applying all relevant interpretive tools, concludes is best. **In the business of statutory interpretation, if it is not the best, it is not permissible**." *Id.* (emphasis added).

## STATEMENT OF FACTS

Commerce in February 2020 initiated ADD/CVD investigations of wood mouldings and millwork products from China. *Wood Mouldings and Millwork Products from Brazil and the People's Republic of China: Initiation of Less-Than-Fair-Value Investigations*, 85 Fed. Reg. 6502 (Feb. 5, 2020); *Wood Mouldings and Millwork Products from the People's Republic of China: Initiation of Countervailing Duty Investigation*, 85 Fed. Reg. 6513 (Feb. 5, 2020). Plaintiff did not participate in these investigations. Plaintiff's Appendix to Plaintiff's Response to Defendant's Motion to Dismiss for Subject Matter Jurisdiction (Mar. 12, 2025), ECF 15-1,

4

Vol. I Pl. Appx1-10: Public Service Lists, ACCESS Barcodes 3929050 & 3927604.[2] These

investigations resulted in the February 2021 issuance of ADD/CVD orders on wood mouldings

from China. *Wood Mouldings and Millwork Products from the People's Republic of China:*

*Amended Final Antidumping Duty Determination and Antidumping Duty Order*, 86 Fed. Reg.

9486 (Feb. 16, 2021); *Wood Mouldings and Millwork Products from the People's Republic of*

*China: Countervailing Duty Order*, 86 Fed. Reg. 9484 (Feb. 16, 2021) (collectively, "*ADD/CVD*

*Orders*").

In March 2020, early in the ADD/CVD investigations, a scope exclusion for wood shutter

components was requested by Lanzhou Xinyoulian Industrial Co., Ltd. ("Lanzhou"). Letter from

GDLSK LLP to U.S. Department of Commerce (July 15, 2024), P.R. 1-30 ("CCR Request"),

Exhibit 7.A. If accepted by Commerce and written into the *ADD/CVD Orders*' scope,

ADD/CVD would have never applied to wood shutter components from China. *Id*. Commerce on

June 11, 2020, responded by issuing a questionnaire to Lanzhou, specifically requesting that

Lanzhou provide supplemental information:

> After reviewing your comments, we have identified certain areas that require
> additional information. Because of the similarities between in-scope products and
> window shutter components, **we request that you provide a detailed**
> **description as to how window shutter components can be differentiated from**
> **in-scope mouldings and millwork products**. Such information should include,
> but need not be limited to: definitions of terms, standards or labeling conventions,
> dimensions, and detailed descriptions of all physical characteristics.

*Id*. Exhibit 7.B (emphasis added).

Lanzhou declined to respond, prompting Commerce to preliminarily find that wood

shutter components were subject merchandise in August 2020, and thereafter issue *ADD/CVD*

---

[2]     Because Commerce documents on ACCESS "can be accurately and readily determined
from sources whose accuracy cannot reasonably be questioned," they can and are judicially
noticed. Fed. Rule Evid. 201(b)(2); *Calgon Carbon Corp. v. United States*, 145 F. Supp. 3d
1312, 1327 (CIT 2016).

*Orders* in February 2021 without an exclusion for wood shutter components. Appendix to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Jan. 21, 2025), ECF 14-1, Appx228-231: U.S. Department of Commerce Preliminary Scope Memorandum (Aug. 5, 2020), ACCESS Barcode 4012643, at 35-38 ("Lanzhou . . . did not respond to the additional opportunity to provide comment, and thus the record lacks information demonstrating that wood shutter components are distinct from in-scope merchandise."); *ADD/CVD Orders*, 86 Fed. Reg. at 9485, 9488-89.

Plaintiff subsequently imported wood shutter components from China. In an effort to minimize or eliminate ADD/CVD liability, and allow for such imports to occur without ADD/CVD going forward, Plaintiff on July 15, 2024, filed a 375-page CCR Request that included 16 videos. CCR Request at 1-39, Exhibits 1-50, VID-1-13, P.R. 15-30.[3] Plaintiff requested not only that a new scope exclusion for wood shutter components be written into the *ADD/CVD Orders*, but that it apply retroactively to any unliquidated entries as of June 12, 2020, for CVD and August 12, 2020, for ADD – when Commerce published its preliminary determinations in those investigations. *Id*. at 37-39. Commerce has in prior CCRs applied scope exclusions retroactively to unliquidated entries in this manner. *Id*. at 8, 37; *Steel Wire Garment Hangers from the People's Republic of China: Final Results of Changed Circumstance Review, and Revocation in Part of Antidumping Duty Order*, 74 Fed. Reg. 50,956, 50,956 (Oct. 2, 2009); *Certain Hardwood Plywood Products from the People's Republic of China: Final Results of Changed Circumstances Reviews, and Revocation of the Antidumping and Countervailing Duty Orders in Part*, 86 Fed. Reg. 29,562, 29,564-65 (June 2, 2021); *Itochu Bldg. Prods. v. United States*, 733 F.3d 1140, 1145-1148 (Fed. Cir. 2013), *on remand*, Court No. 11-208, 2014 WL

---

[3]    CCR Request Exhibits VID 1-13, P.R. 15-30, were manually submitted by Commerce on March 3, 2026. ECF 37.

6

1363999, *3-7 (CIT Apr. 8, 2014).

In its CCR Request, Plaintiff advised that it is not aware of any current commercial domestic production of finished wood shutter components at all – including by any member of Petitioner Coalition of American Millwork Producers ("CAMP"). CCR Request at 35. In response to anticipated concerns regarding the administrability of the requested exclusion, Plaintiff in its CCR submitted extensive information including a plethora of industry materials and videos establishing that wood shutter components are in fact distinguishable upon entry into the United States based on their necessarily having to be: (1) edge-glued; (2) gesso or polyurethane-coated; (3) exceptionally straight and symmetrical: **and** (4) finished on four sides. *Id.* at 23-30, 35-36, Exhibits 2, 6, 9, 29, 37-38, 41-45, VID-1–3.

In its CCR Request, "Plaintiff provided the information that Commerce had previously requested from Lanzhou, and further demonstrated that the requested exclusion was readily administrable, not susceptible to circumvention and would not harm Petitioners." Complaint (Oct. 16, 2024), ECF 2, ¶ 10. Plaintiff's CCR Request included an extraordinary amount of new information specifically prepared for, and contemporaneously with, the CCR, including: 16 videos, CCR Request at Exhibit List, Exhibits VID 1-13; wood shutter component schematics, *id.* at 17-21, Exhibit List, Exhibits 4, 37, and diagrams of domestically produced wood mouldings and millwork products. *Id.* Exhibit 5. Other information in the CCR that became available in the years since issuance of the *ADD/CVD Orders* included:

- A letter of support from members of Congress dated July 3, 2024. *Id.* Exhibit 1.B;

- A declaration from an industry expert dated May 15, 2024. *Id.* Exhibit 2;

- B. Wolsey, *Why basswood is the best for your shutters*, THE BLINDMAN.COM (Aug. 23, 2023). *Id.* Exhibit 19;

7

- Yasmeen, *What Are Stiles on a Shutter?*, THESHUTTERSTORE.COM (Feb. 15, 2022). *Id*. Exhibit 21;

- K. Vollmar, *Parts of a Door: Front Door Anatomy 101*, PELLA (May 12, 2021). *Id*. Exhibit 26;

- L. Wallender, *Water-Based vs. Oil-Based Polyurethane Comparison Guide*, THESPRUCE (Mar. 22, 2024). *Id*. Exhibit 39;

- *Introducing Polyurethane Paints*, PRO MAIN (Feb. 23, 2022). *Id*. Exhibit 41;

- *A Guide To Architectural Millwork*, AWI QUALITY CERTIFICATION PROGRAM (Mar. 7, 2022). *Id*. Exhibit 46; and

- V. Jackson, *What is Saw Kerf and Why It Matters in Woodworking*, THE HANDYMAN'S DAUGHTER (Aug. 2, 2022). *Id*. Exhibit 50.

CAMP in late July 2024 advised of its opposition to the CCR Request. Letter from Wiley Rein LLP to U.S. Department of Commerce (July 25, 2024), P.R. 33 ("CAMP Opposition"). In this two-page letter, CAMP advised that its "members produce wood shutter components" and "are interested in continuing to have such products covered by the scope of the orders." *Id*. at 2. CAMP further raised "concerns over any potential exclusion of shutter components, noting that 'there is no practical way to distinguish'" them from other subject wood mouldings. *Id*. at 2 (quoting CCR Exhibit 8 at 13-14). Plaintiff raised objections concerning CAMP's opposition, including the omissions of: any detail concerning its claims of domestic shutter component production; any rebuttal to Plaintiff's demonstration concerning the administrability of the exclusion; and the client certification required by 19 C.F.R. § 351.301(g). Letter from GDLSK LLP to U.S. Department of Commerce (July 31, 2024), P.R. 34. Commerce thereafter requested that CAMP submit a client certification, which it did in early August 2024. Letter from U.S. Department of Commerce to Coalition of American Millwork Producers (Aug. 6, 2024), P.R. 35; Letter from Wiley Rein LLP to U.S. Department of Commerce (Aug. 9, 2024), P.R. 36.

8

Commerce on August 15, 2024, in a two-page document declined to initiate a CCR as

requested by Plaintiff, based entirely on CAMP's opposition. That Determination provided in its

entirety as follows:

> Houston Shutters requested that {Commerce} conduct a CCR and partially revoke the *Order* with respect to wood shutter components. Commerce has determined not to initiate because Houston Shutters' CCR request **does not meet the criteria to initiate** for the reasons discussed below.

> Pursuant to section 751(b)(1)(C) of the Tariff Act of 1930, as amended (the Act), Commerce will conduct a CCR upon receipt of a request from an interested party that shows changed circumstances sufficient to warrant a review of the order. Section 782(h)(2) of the Act and 19 CFR 351.222(g)(1)(i) provide that Commerce may revoke an order (in whole or in part) if it determines that producers accounting for substantially all of the production of the domestic like product have expressed a lack of interest in the order, in whole or in part.

> {CAMP}, the petitioning party in the initial investigation, has filed comments objecting to the initiation of this CCR scope exclusion. CAMP states in its certified comments that its members manufacture wood shutter components, have concerns about the exclusion, and maintain an interest in continuing to have them covered by the Orders.

> Houston Shutters disagrees with CAMP's statement that it produces wood shutter components and believes it "has reason to doubt" that CAMP's members "are interested in continuing to have such products covered by the scope of the Orders." In regards to CAMP's domestic production of wood shutter components, Commerce has previously stated that the domestic industry need not produce every article covered under an {AD/CCD} order. In *Stainless Steel Hollow Products from Japan*, Commerce stated that "{t}here is no statutory requirement that the petitioners produce all products covered by the scope. In other words, while the petitioners are required to produce the domestic like product, they need not produce every permutation or model of the domestic like product." Additionally, Houston Shutters has not provided substantiated evidence contrary to CAMP's expressed interest in maintaining the Orders.

> **Given that CAMP has expressly objected to the initiation of the scope exclusion CCR**, indicating that its members produce the merchandise in question and are interested in such products remaining covered by the scope of the Orders, **Houston Shutters has not demonstrated that changed circumstances exist to warrant a review**, as required by section 751(b)(1)(C) of the Act. As such, Commerce declines to initiate a CCR concerning wood shutter components.

Determination Not to Initiate a CCR (emphases added) (footnotes omitted) (citing *Circular*

*Seamless Stainless Steel Hollow Products from Japan: Notice of Final Determination of Sales at Less Than Fair Value*, 65 Fed. Reg. 42,985 (July 12, 2000), accompanying Issues and Decision Memorandum ("IDM"), Comment 1).

Plaintiff on October 16, 2024, initiated the instant appeal in this Court asserting jurisdiction under 28 U.S.C. § 1581(i). Summons (Oct. 16, 2024), ECF 1.[4] In January 2025, Defendant moved to dismiss Plaintiff's appeal for lack of subject matter jurisdiction, arguing that jurisdiction does not lie under 28 U.S.C. § 1581(i) by arguing that Plaintiff's challenge could have been brought years earlier to Commerce's unwillingness to grant the scope exclusion in the ADD/CVD investigations under 28 U.S.C. § 1581(c). Defendant's Motion to Dismiss (Jan. 21, 2025), ECF 14. This Court in January 2026 denied Defendant's Motion and found instead that jurisdiction under 28 U.S.C. § 1581(i) existed over Plaintiff's appeal, which was permitted to proceed to merits consideration:

> **Plaintiff has alleged facts that reveal new information** not available at the time of the {ADD/CVD} investigations. Defendant has not demonstrated why that information does not support Plaintiff's Complaint. If anything, Defendant's arguments go to the merits of the action. . . . Furthermore, in light of Defendant's inability to reconcile its request to dismiss this action with a standard that can be feasibly applied to Plaintiff's claims plausibly alleging the wrongful denial of a CCR in light of new information, **the court concludes that it will deny Defendant's motion to dismiss**.

*Houston Shutters LLC v. United State*s, 816 F. Supp. 3d 1349, 1355-56 (CIT 2026) (emphases added).

---

[4]     Plaintiff out of an abundance had earlier filed an appeal under 28 U.S.C. § 1581(c). *Houston Shutters LLC v. United States*, Court No. 24-175, Summons (Sept. 16, 2024), ECF 1; Complaint (Oct. 16, 2024), ECF 8. This Court in January 2026 dismissed Plaintiff's 28 U.S.C. § 1581(c) appeal for lack of jurisdiction. *Houston Shutters LLC v. United State*s, 815 F. Supp. 3d 1418 (CIT 2026).

## ARGUMENT: COMMERCE UNLAWFULLY DECLINED TO INITIATE A CCR

Commerce unlawfully declined to initiate the CCR requested by Plaintiff because, as set forth in turn below: (a) Plaintiff satisfied all statutory criteria of Section 751(b) of the Act; (b) Commerce improperly declined to initiate based on Section 782(h) of the Act; and (c) Commerce failed to sufficiently explain its Determination Not to Initiate a CCR.

### A. Plaintiff Satisfied All Statutory Criteria of Section 751(b) of the Act

Commerce violated the statute governing CCRs when declining to initiate that requested by Plaintiff. That statute, Section 751(b) of the Act provides in relevant part:

> **Reviews based on changed circumstances**
>
> **(1) In general** Whenever {Commerce} receives information concerning, or a request from an interested party for a review of—
>
>> **(A)** a final affirmative determination that resulted in an {ADD} order under this subtitle or . . . in a {CVD} order . . .
>
> which **shows changed circumstances sufficient** to warrant a review of such determination . . . , {Commerce} . . . **shall conduct a review** of the determination or agreement after publishing notice of the review in the Federal Register.

19 U.S.C. § 1675(b) (emphases modified); *see* 19 C.F.R. § 351.216. According to this Congressional mandate, if Houston Shutters had presented "sufficient" information, Commerce lacks the discretion to do anything other than to have initiated the requested CCR.

Plaintiff provided "sufficient" information to warrant a CCR. As an initial matter this term by its plain meaning sets a low threshold, as it is defined as "enough to meet the needs of a situation or a proposed end." MERRIAM-WEBSTER ("sufficient"). Accordingly, Plaintiff need not provide compelling or ample information to satisfy this bare minimum evidentiary burden. Plaintiff satisfied this modest requirement by, as an initial matter, "provid{ing} **a detailed description as to how window shutter components can be differentiated from in-scope mouldings and millwork products** . . . include{ing} . . . definitions of terms, standards or

11

labeling conventions, dimensions, and detailed descriptions of all physical characteristics." CCR Request CCR Request Exhibit 7.B (emphasis added). Plaintiff went to great lengths in its CCR Request to provide this information that Commerce had initially requested of Lanzhou during the ADD/CVD investigations. *Id*. at 9-35 (emphasis added), Exhibits 9-50, VID 1–13. Accordingly, a "changed circumstance" existed in that this information requested by Commerce in the investigations but not submitted on that record was now being presented to the Department.

Moreover, beyond providing the necessary information absent from the record of the ADD/CVD investigations, Plaintiff provided a plethora of fresh information documenting the propriety of conducting a CCR to exclude shutter components – as recognized by this Court. *Houston Shutters*, 816 F. Supp. 3d at 1355-56. Even if the missing Lanzhou information was not deemed sufficient, Plaintiff's CCR Request included an extensive amount of new information specifically prepared for, and contemporaneously with, the CCR, including: videos; schematics, diagrams, Congressional support correspondence, and industry literature published after the ADD/CVD orders published. CCR Request *id*. at 17-21, Exhibit List, Exhibits 1-2, 4-5, 19, 21, 26, 37, 39, 46, 50, VID 1-13; *see Houston Shutters*, 816 F. Supp. 3d at 1355-56 ("Plaintiff has alleged facts that reveal new information not available at the time of the {ADD/CVD} investigations"). Accordingly, this new information constituted a "sufficient" basis for Commerce to have initiated a CCR.

Using dictionary definitions, the standard for what constitutes a changed circumstance is not demanding. The words "change" and "circumstance" are defined in relevant parts as "to become different" and "a condition, fact, or event," respectively. MERRIAM-WEBSTER ("change"; "circumstance"). Thus, the question for this Court is whether Plaintiff's 2024 CCR Request presented a "different . . . condition, fact, or event" than existed during the 2020-21

12

investigations. *Id*. Examination of Plaintiff's CCR Request confirms that this low threshold has clearly been satisfied. Indeed, the mere fact that the information requested of Lanzhou was not provided in the investigations but was in the CCR Request constitutes a "different . . . condition, fact, or event." *Id*

Record evidence therefore confirms satisfaction of all statutory criteria under Section 751(b) of the Act. Commerce "receive{d} information concerning, or a request from an interested party for a review of . . . a final affirmative determination that resulted in an {ADD} order under this subtitle or . . . in a {CVD} order . . . which **shows changed circumstances sufficient** to warrant a review of such determination." 19 U.S.C. § 1675(b) (emphasis added). By operation of statute, Commerce "**shall conduct**" the requested CCR. *Id*. (emphasis added). Commerce unlawfully failed to comply with this statutory directive. By neglecting to initiate the CCR requested by Plaintiff on this record, Commerce committed "a clear error in judgment." *Hyundai Elecs*, 899 F.2d 1200. Given the record overwhelmingly evidencing the need to conduct a CCR as requested by Plaintiff under the plain terms of Section 751(b), Commerce abused its discretion because its Determination Not to Initiate a CCR is unsupported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison*, 305 U.S. at 217. Instead, Commerce's disregard of the CCR Request that satisfied all Section 751(b) requirements "represent{s} an unreasonable judgment in weighing relevant factors." *WelCom Prods.*, 865 F. Supp. 2d at 1344.

**B. Commerce Improperly Declined to Initiate Based on Section 782(h) of the Act**

Commerce declined to initiate the CCR requested by Plaintiff through reference to an entirely separate legal requirement. Determination Not to Initiate a CCR at 1-2. Commerce denied Plaintiff's request merely because there had not been satisfaction of Section 782(h): "**Given that CAMP has expressly objected to the initiation of the scope exclusion CCR**, . . .

13

**Houston Shutters has not demonstrated that changed circumstances exist to warrant a review**, as required by section 751(b)(1)(C) of the Act. As such, Commerce declines to initiate a CCR concerning wood shutter components." Determination Not to Initiate a CCR at 2 (emphasis added). The referenced Section 782(h) provides:

> **Termination of investigation or revocation of order for lack of interest**
> {Commerce} may— . . .
> revoke an {ADD/CVD} order . . .  with respect to a domestic like product, if {Commerce} determines that producers accounting for substantially all of the production of that domestic like product, have expressed a lack of interest in the order . . . .

19 U.S.C. § 1677m(h) (emphasis in original). Commerce's Determination Not to Initiate CCR further cited its implementing regulation that provides:

> *Revocation or termination based on changed circumstances.*
> (1) The Secretary may revoke an order, in whole or in part, . . . if the Secretary concludes that:
> (i) Producers accounting for substantially all of the production of the domestic like product to which the order (or the part of the order to be revoked) or suspended investigation pertains have expressed a lack of interest in the order, in whole or in part, or suspended investigation (*see* section 782(h) of the Act); or
> (ii) Other changed circumstances sufficient to warrant revocation . . . exist.

19 C.F.R. § 351.222(g) (emphasis in original).

Commerce unlawfully conflated the requirements of Section 751(b) of the Act with Section 782(h) of the Act. According to Commerce, the CCR Request did "not meet the criteria to initiate" under Section 751(b) because Section 782(h) was not satisfied. Determination Not to Initiate a CCR at 1. As a matter of statutory interpretation, these statutory provisions are distinct and Section 782(h) should not be made a prerequisite interpretation to Section 751(b). Given the complete absence of any reference to Section 782(h) in Section 751(b), Commerce was required by law to interpret Section 751(b) according to its own terms and not add on an extra-statutory prerequisite. This result is compelled by *Loper Bright*, which forecloses this Court from

14

affirming the Commission's decision merely upon finding that the government's statutory interpretations is "reasonable," and for that reason alone, "must" affirm. 603 U.S. 369, at 395, 400. *Loper Bright* clarified that it "makes no sense to speak of a 'permissible' interpretation that is not the one the court, after applying all relevant interpretive tools, concludes is best. **In the business of statutory interpretation, if it is not the best, it is not permissible**." *Id.* (emphasis added). The lone "best, . . . permissible" interpretation of Section 751(b) is one that Commerce "shall conduct" a CCR upon receiving a request "which **shows changed circumstances sufficient** to warrant a review." *Id.*; 19 U.S.C. § 1675(b) (emphasis added).

This Court should not sanction Commerce's incorrect construction of Section 751(b) that reads in Section 782(h) as a prerequisite. No such limitation on CCR initiation exists in Section 751(b) or in Commerce's implementing regulation. Indeed, that regulation identifies a single "***Limitation on changed circumstances review***" requiring "good cause" to initiate a CCR requested within "24 months . . . of notice of the final determination." 19 C.F.R. § 351.216(c) (emphasis added). The regulation would have had to identify any additional limitations on Commerce's ability to initiate CCRs – such as Section 782(h) not being satisfied. By reading in such an additional, unwritten exclusion, Commerce violated "the doctrine of *expressio unis est exclusio alterius* instruct{ing} that where a law expressly describes a particular situation to which it shall apply, what was omitted or excluded was intended to be omitted or excluded." *Reyes-Gaona v. North Carolina Growers Ass'n*, 250 F.3d 861, 865 (Fed. Cir. 2001).

Moreover, Commerce improperly interpreted Section 782(h) as prohibiting the conduct of a CCR for Plaintiff. The regulation implementing that statute by contrast allows for flexibility, allowing ADD/CVD order revocation if: "(i) Producers accounting for substantially all of the production of the domestic like product to which the order . . . pertains have expressed a lack of

15

interest . . . ; or (ii) **Other changed circumstances sufficient to warrant revocation** . . . **exist**." 19 C.F.R. § 351.222(g)(1) (emphasis added). Because Commerce maintained the ability to revoke the ADD/CVD orders even without domestic producers expressing a lack of interest, it was all the more inappropriate to preclude CCR initiation based merely on CAMP opposition. In other words, Commerce by its own regulation could have proceeded with the CCR requested by Plaintiff notwithstanding CAMP opposition. Commerce violated its own regulations by treating the domestic producer consent option as a mandatory requirement and also by reading in an additional limitation that CCRs shall not initiate without domestic producer consent. It is axiomatic that "Commerce, like other agencies, must follow its own regulations." *Torrington Co. v. United States,* 82 F.3d 1039, 1049 (Fed. Cir.1996). "{T}he agency does not have discretion to violate a rule it adopted after notice and comment, fulfilling a legislative function." *Slater Steels Corp. v. United States*, 316 F. Supp. 2d 1368, 1374 (CIT 2004).

In short, Commerce's Determination Not to Initiate a CCR based on a conflation of Sections 751(b) and 782(h) was "not in accordance with law." 5 U.S.C. § 706(2)(A). By declining to initiate in contradiction of the plain language of Section 751(b), Commerce abused its discretion in that "the decision is based on an erroneous interpretation of the law." *WelCom Prods.*, 865 F. Supp. 2d at 1344. Not only does Commerce's construction of Section 751(b) as making Section 782(h) a prerequisite to CCR initiation constitute an impermissible statutory interpretation, but it further violates applicable Department regulations. This Court should accordingly order remand for Commerce to reconsider its Determination Not to Initiate a CCR.

## C. Commerce Insufficiently Explained Its Determination Not to Initiate a CCR

Commerce, as any agency, must "cogently explain why it has exercised its discretion in a given manner." *Motor Vehicle Mfgrs. Ass'n*, 463 U.S. at 48. Yet Commerce here altogether neglected to explain why it was conflating the CCR requested of it by Plaintiff under Section

16

751(b) of the Act with satisfaction of an entirely separate statutory provision, Section 782(h).

The Determination simply stated the two statutory sections next to one another, without any

nexus between them, let alone why one would function as an unwritten prerequisite for the other:

> Pursuant to section 751(b)(1)(C) of the {Act }, Commerce will conduct a CCR upon receipt of a request from an interested party that shows changed circumstances sufficient to warrant a review of the order. Section 782(h)(2) of the Act and 19 CFR 351.222(g)(1)(i) provide that Commerce may revoke an order (in whole or in part) if it determines that producers accounting for substantially all of the production of the domestic like product have expressed a lack of interest in the order, in whole or in part.

Determination Not to Initiate a CCR at 1. Accordingly, Commerce has not "articulate{d} a

rational connection between the facts found and the choice made." *Bowman Transp.,* 419 U.S. at

285-86.

The closest that Commerce comes to explaining its declination to conduct the CCR

required by statute is to make an issue where none exists. Plaintiff initially advised Commerce

that it is not aware of any current commercial domestic production of finished wood shutter

components at all – including by any member of CAMP. CCR Request at 35. CAMP responded

that in fact its "members produce wood shutter components." CAMP Opposition at 2. Commerce

acknowledged this CAMP assertion in reiterating that "CAMP has expressly objected to the

initiation of the scope exclusion CCR, indicating that its members produce the merchandise in

question." Determination Not to Initiate a CCR. It is therefore inapposite why the only

Department precedent relied upon by Commerce is to rebut a point concerning domestic

production that does not align with the specific product whose exclusion is sought:

> In *Stainless Steel Hollow Products from Japan*, Commerce stated that "{t}here is no statutory requirement that the petitioners produce all products covered by the scope. In other words, while the petitioners are required to produce the domestic like product, they need not produce every permutation or model of the domestic like product."

17

Determination Not to Initiate a CCR at 2 (citing *Seamless Stainless Steel Hollow Products from Japan*, 65 Fed. Reg. 42,985 (July 12, 2000), IDM Comment 1). Commerce has not explained the relevance of this Department precedent, given its acknowledgment that CAMP claims that its members domestically produce wood shutter components. *See id*.

Commerce erroneously declined to initiate a CCR by accepting CAMP's representations on faith. Commerce claimed that "Houston Shutters has not provided substantiated evidence contrary to CAMP's expressed interest in maintaining the *Orders*." Determination Not to Initiate a CCR at 2. However, Plaintiff demonstrated that CAMP members did not produce wood shutter components domestically during the investigation, and those companies that did so during that timeframe were known to have ceased such production. Request at 35. Plaintiff further demonstrated that the proposed exclusion was readily enforceable. *Id*. at *Id*. at 23-30, 35-36, Exhibits 2, 6, 9, 29, 37-38, 41-45, VID-1–3. This plethora of information, which Commerce and CAMP disregarded, refuted the exclusion administration concern reiterated by CAMP without discussion. CAMP Opposition at 2. By declining to consider such evidence, Commerce's Determination Not to Initiate a CCR improperly declined to conduct the requested CCR "without taking into account contradictory evidence or evidence from which conflicting inferences could be drawn." *Gerald Metals,* 132 F.3d at 720.

Commerce sets an arbitrarily high threshold in stating that it would only initiate the CCR if Plaintiff "provided substantiated evidence contrary to CAMP's expressed interest in maintaining the *Orders.*" Determination Not to Initiate a CCR at 2. This improper explanation sets an unreasonable standard by giving petitioners unfettered discretion to prevent CCR initiation that would result in scope exclusions, in contradiction of the statutory mandate that Commerce "shall conduct" such CCRs when presented with information "show{ing} changed

18

circumstances sufficient to warrant a review." 19 U.S.C. § 1675(b); Section A, *supra*. Indeed, Commerce's own regulations do not empower petitioners with unqualified authority to block CCRs, by instead providing for revocation in other instances where any "changed circumstances sufficient to warrant revocation . . . exist." 19 C.F.R. § 351.222(g)(1)(ii); Section B, *supra*.

In sum, at minimum this Court should order remand for Commerce's failure to sufficiently explain its two-page Determination Not to Initiate a CCR. That Determination's fundamental flaw of not identifying any nexus between Sections 751(b) and 782(h) was compounded by simply taking CAMP's assertions on faith and disregarding the plethora of evidence submitted by Plaintiff. Authorizing petitioners to prevent CCR initiation in this manner is contrary to law.

**<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff respectfully requests that this Court remand the Determination Not to Initiate a CCR for reconsideration by Commerce, given that such Determination was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

GRUNFELD, DESIDERIO, LEBOWITZ,
SILVERMAN & KLESTADT LLP

*/s/ Jordan C. Kahn*
Alan R. Klestadt
Jordan C. Kahn*

599 Lexington Avenue FL 36
New York, NY 10022
-and-
*1201 New York Ave., NW, Suite 650
Washington, DC 20005

*Counsel for Plaintiff Houston Shutters LLC*

Dated: May 28, 2026

19

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Chamber Procedure 2(B)(1), the undersigned certifies that this brief complies with the word limitation requirement. The word count for Plaintiff's Memorandum of Law in Support of Rule 56.1 Motion for Judgment on the Agency Record, as computed by Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt's word processing system Microsoft Word 2007, is 5,874 words, less than the 7,000 word limit.

*/s/ Jordan C. Kahn*
Jordan C. Kahn

*Counsel for Plaintiff*

Dated: May 28, 2026