**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE LEO M. GORDON, SENIOR JUDGE**

| | | |
|---|---|---|
| HOUSTON SHUTTERS LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | Court No. 24-00193 |
| UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S
RULE 56.1 MOTION FOR JUDGMENT UPON THE AGENCY RECORD

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

CLAUDIA BURKE
Deputy Director

BRENDAN D. JORDAN
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-0342
Email: brendan.d.jordan@usdoj.gov

*Attorneys for Defendant*

OF COUNSEL:

Brien Stonebreaker
Staff Attorney
U.S. Department of Commerce
Office of the Chief Counsel for
Trade Enforcement & Compliance
Washington, D.C. 20230

September 23, 2026

**TABLE OF CONTENTS**


STATEMENT PURSUANT TO RULE 56.1 ..... 1

I. Administrative Determinations Under Review ..... 1

II. Issue Presented For Review ..... 2

STATEMENT OF FACTS ..... 2

I. Houston's CCR Request ..... 3

II. Commerce's Determination Denying Houston's CCR Request ..... 4

SUMMARY OF ARGUMENT ..... 5

ARGUMENT ..... 7

I. Standard For Judicial Review ..... 7

II. Commerce Reasonably Determined That Houston Did Not Show Changed Circumstances Sufficient To Warrant Review ..... 7

A. 19 U.S.C. § 1675(b)(1) Requires A Sufficient Showing, Not Merely New Information ..... 7

B. Houston's Cited Prior CCR Examples Do Not Establish A Practice Requiring Initiation Here ..... 11

III. Commerce Did Not Treat Lack Of Domestic-Industry Interest As An Exclusive Legal Prerequisite To Initiation ..... 12

A. The Initiation And Revocation Provisions Perform Related But Distinct Functions ..... 12

B. CAMP's Certified Opposition Was Relevant To Whether Houston Made The Required Showing ..... 15

IV. Commerce's Explanation Was Rational And Its Decisional Path Is Discernible ..... 16

CONCLUSION ..... 18

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*All One God Faith, Inc. v. United States*,
129 F.4th 1350 (Fed. Cir. 2025) .......... 10

*Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc.*,
419 U.S. 281 (1974) .......... 16

*Consol. Bearings Co. v. United States*,
348 F.3d 997 (Fed. Cir. 2003) .......... 12

*Consol. Bearings Co. v. United States*,
412 F.3d 1266 (Fed. Cir. 2005) .......... 7

*FCC v. AT&T Inc.*,
562 U.S. 397 (2011) .......... 9

*Fla. Power & Light Co. v. Lorion*,
470 U.S. 729 (1985) .......... 17

*Garg Tube Exp. LLP v. United States*,
740 F. Supp. 3d 1355 (Ct. Int'l Trade 2024) .......... 9

*Gov't of Argentina v. United States*,
542 F. Supp. 3d 1380 (Ct. Int'l Trade 2021) .......... 8

*GreenFirst Forest Prods. v. United States*,
604 F. Supp. 3d 1368 (Ct Int'l Trade 2022) .......... 17

*Houston Shutters LLC v. United States*,
816 F. Supp. 3d 1349 (Ct. Int'l Trade 2026) .......... 10, 11

*Itochu Bldg. Prods. v. United States*,
733 F.3d 1140 (Fed. Cir. 2013) .......... 11

*Loper Bright Enters. v. Raimondo*,
603 U.S. 369 (2024) .......... 7, 9, 14

*Motor Vehicle Manufacturers Association of the United States, Inc. v. State Farm Mutual Automobile Insurance Co.*,
463 U.S. 29 (1983) .......... 16, 17

*NMB Singapore Ltd. v. United States*,
557 F.3d 1316 (Fed. Cir. 2009) .......... 7, 17

*Sahaviriya Steel Indus. Pub. Co. v. United States*,
33 C.I.T. 140 (2009) ........ 8

*Seven Cnty. Infrastructure Coal. v. Eagle Cnty., Colorado*,
605 U.S. 168 (2025) ........ 16, 17

*Shantou Red Garden Food Processing Co. v. United States*,
No. 20-03947, 2023 WL 3563205 (Ct. Int'l Trade May 12, 2023) ........ 8

*Tippins v. United States*,
93 F.4th 1370 (Fed. Cir. 2024) ........ 8

*Trs. in Bankr. of N. Am. Rubber Thread Co. v. United States*,
533 F. Supp. 2d 1290 (Ct. Int'l Trade 2007) ........ 12

*Trs. in Bankr. of N. Am. Rubber Thread Co. v. United States*,
593 F.3d 1346 (Fed. Cir. 2010) ........ 12

**Statutes**

5 U.S.C. § 706 ........ 7

5 U.S.C. § 706(2) ........ 7

19 U.S.C. § 1675(b) ........ *passim*

19 U.S.C. § 1675(d) ........ 13, 14

19 U.S.C. § 1677m(h) ........ 5, 13, 14

28 U.S.C. § 1581(i) ........ 7, 11

28 U.S.C. § 2640(e) ........ 7

**Regulations**

19 C.F.R. § 351.102(b) ........ 4

19 C.F.R. § 351.222 ........ 8

19 C.F.R. § 351.222(g) ........ *passim*

19 C.F.R. § 351.303(g) ........ 4

19 C.F.R. § 351.216(c) ..................................................... 14

19 C.F.R. § 351.216(d) ..................................................... *passim*

**Administrative Determinations**

*Certain Hardwood Plywood Products From the People's Republic of China: Final Results of Changed Circumstances Reviews, and Revocation of the Antidumping and Countervailing Duty Orders in Part*,
86 Fed. Reg. 29,562 (June 2, 2021) ..................................................... 11

*Notice of Final Determination of Sales at Less Than Fair Value: Circular Seamless Stainless Steel Hollow Products from Japan*,
65 Fed. Reg. 42,985 (Dep't of Commerce July 12, 2000) ..................................................... 15

*Steel Wire Garment Hangers From the People's Republic of China: Final Results of Changed Circumstances Review, and Revocation in Part of Antidumping Duty Order*,
74 Fed. Reg. 50,956 (Oct. 2, 2009) .....................................................11

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE LEO M. GORDON, SENIOR JUDGE**

| | | |
|---|---|---|
| HOUSTON SHUTTERS LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | Court No. 24-00193 |
| UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S RULE 56.1 MOTION FOR JUDGMENT UPON THE AGENCY RECORD**

Defendant, the United States, respectfully responds in opposition to the motion for judgment on the agency record filed by plaintiff Houston Shutters LLC (Houston), challenging the Department of Commerce's determinations not to initiate antidumping and countervailing duty changed circumstances reviews. For the reasons set forth below, the Court should deny Houston's motion and sustain Commerce's determinations because Commerce's actions were lawful, were not abuses of discretion, and were neither arbitrary nor capricious. Alternatively, if the Court concludes that Commerce was required to provide further explanation, the appropriate remedy is remand without instructions directing Commerce to initiate a review or compelling Commerce to adopt a particular substantive result.

**STATEMENT PURSUANT TO RULE 56.1**

## I. Administrative Determinations Under Review

Houston challenges Commerce's determinations not to initiate changed circumstances reviews (CCRs) of the antidumping (AD) and countervailing duty (CVD) orders covering wood

mouldings and millwork products from the People's Republic of China (China). *See* Commerce's Letters, "Decision Not to Initiate Changed Circumstances Review," (Dep't of Commerce August 15, 2024) (P.R. 37).[1] (collectively, Determinations).

## II. Issue Presented For Review

Whether Commerce acted arbitrarily or capriciously, abused its discretion, or acted contrary to law when it determined that Houston had not demonstrated changed circumstances sufficient to warrant initiation of the requested AD and CVD CCRs.

## STATEMENT OF FACTS

During the original investigations, Lanzhou Xinyoulian Industrial Co., Ltd. (Lanzhou) requested that Commerce exclude wood shutter components from the proposed scope of any orders. Lanzhou Scope Comments at 1 (P.R. 6). Commerce asked Lanzhou to explain in detail how those components could be distinguished from in-scope mouldings and millwork products, including through definitions, standards or labeling conventions, dimensions, and physical characteristics. Commerce's Request for Additional Information at 1 (P.R. 7). Lanzhou did not respond. Commerce preliminarily found that wood shutter components, as described by Lanzhou, were similar to in-scope millwork products in their production processes and physical characteristics and could be interchangeable with those products. *See* Pl. Br at 5-6. Commerce also found that the investigation record lacked information demonstrating that wood shutter components were distinct from in-scope merchandise. *Id*. Commerce thereafter issued the orders without the requested exclusion.

---

[1] P.R. refers to the public record number identified in the administrative record filed by Commerce on February 27, 2026. *See* ECF No. 35. Although there are technically two separate records for the AD and CVD CCR segments, both the AD and CVD indices and administrative records submitted by Commerce are identical, including in their pagination. *See* ECF Nos. 35-2, 35-7.

## I. Houston's CCR Request

On July 15, 2024, Houston requested that Commerce conduct CCRs and partially revoke the orders with respect to wood shutter components. *See* Houston's Letter, "Request for Changed Circumstances Review for Wood Shutter Components Scope Exclusion," (July 15, 2024) (CCR Request) (P.R. 1). Houston proposed excluding wooden shutter components used only to produce "stiles, rails, tilt rods, louvers, and/or trim frames," provided that each component was "edge-glued; gesso or polyurethane-coated; and finished on all four sides." CCR Request at 38. Houston requested that the exclusion apply to all unliquidated and future entries of those components. *Id*. at 1, 36-39.

Houston submitted schematics, diagrams, declarations, industry materials, and videos that it asserted supplied information absent from the investigation record and showed that the proposed exclusion would be administrable. CCR Request at 9-36; CCR Request, Exs. 1-50 (P.R. 2-14); CCR Request, Videos 1-13 (P.R. 15-30). Houston asserted that these materials differentiated wood shutter components from other millwork products based on their dimensions, physical properties, wood species, production processes, finishing requirements, and intended uses. CCR Request at 9-10, 14-36. Houston also asserted that it was unaware of current domestic production of wood shutter components, or at least domestic production available in commercial quantities. *Id*. at 35.

On July 25, 2024, the Coalition of American Millwork Producers (CAMP), the petitioner in the investigations, opposed the request. *See* CAMP's Letter, "Opposition to Wood Shutter Components Scope Exclusion Changed Circumstances Review Request," at 1-2 (July 25, 2024) (CAMP Opposition Letter) (P.R. 33). CAMP stated that its members produce wood shutter components, and that it remained concerned that there was no practical means to distinguish

those components from other subject wood mouldings and maintained an interest in continued inclusion of wood shutter components within the scope of the orders. *Id*. at 2.

Houston responded that CAMP's opposition lacked the certifications required for factual information and disputed CAMP's representations concerning domestic production and industry interest. Houston's Letter, "Response to Petitioner's Opposition to Changed Circumstances Review for Wood Shutter Components Scope Exclusion," at 1-3 (July 31, 2024) (Houston's Response) (P.R. 34). Houston stated that the CAMP members with which it had recently communicated either supported the requested review or declined to take a position. Houston did not identify those members or submit statements from them. *Id*. Houston also maintained that its technical materials established four characteristics by which wood shutter components could be distinguished upon entry: edge-gluing, gesso or polyurethane coating, straightness and symmetry, and finishing on all four sides. *Id*.

On August 6, 2024, Commerce notified CAMP that its Opposition Letter contained factual information as described in 19 C.F.R. § 351.102(b)(21)(ii) but lacked the required Certifications of Accuracy required under 19 C.F.R. § 351.303(g)(1). *See* Commerce Deficiency Letter, "Request to Correct Filing Deficiencies" (August 6, 2024) (P.R. 35). Commerce directed CAMP to timely file the Certificates of Accuracy by August 9, 2024, or the Opposition Letter would be rejected. *Id*. CAMP timely refiled its opposition with company and representative certifications. *See* CAMP's Letter, "Resubmission of Opposition to Wood Shutter Components Scope Exclusion Changed Circumstances Review Request," (August 9, 2024) (CAMP Refiled Opposition Letter) (P.R. 36).

## II. Commerce's Determination Denying Houston's CCR Request

On August 15, 2024, Commerce declined to initiate the requested reviews. *See* Determinations. Commerce stated that 19 U.S.C. § 1675(b)(1) requires an interested party's request to show changed circumstances sufficient to warrant a review. *Id*. Commerce also identified 19 U.S.C. § 1677m(h)(2) and 19 C.F.R. § 351.222(g)(1)(i), which authorize revocation when producers accounting for substantially all domestic production express a lack of interest in an order. *Id*.

Commerce then considered CAMP's certified representations that its members manufactured wood shutter components, its expressed concerns about the proposed exclusion, and its maintenance of an interest in continued coverage. *Id*. at 1-2. Commerce acknowledged Houston's disagreement but explained that the domestic industry need not manufacture every article, permutation, or model covered by an order if it manufactures the domestic like product. *Id*. at 2. Commerce also found that Houston had not provided substantiated evidence contrary to CAMP's expressed interest. *Id*. Based on CAMP's express opposition, its representation that its members produced the merchandise, and its continued interest in coverage, Commerce concluded that Houston had not demonstrated changed circumstances sufficient to warrant initiation of a changed circumstances review. *Id.*

## SUMMARY OF ARGUMENT

Commerce lawfully declined to initiate a CCR and Houston fails to demonstrate that Commerce abused its discretion, acted arbitrarily or capriciously, or that Commerce's actions were unlawful in determining that no changed circumstances existed that warrant a CCR. Houston's arguments fail for three primary reasons.

First, the submission of information that is new or more developed than information previously presented during an investigation does not in and of itself compel Commerce to

initiate a changed circumstances review. Section 1675(b)(1) requires that a request for a CCR "show{} changed circumstances sufficient to warrant a review," and the regulations require Commerce to determine, before initiating a CCR, that there is available information that indicates that changed circumstances sufficient to warrant revocation "may exist." *See* 19 U.S.C. § 1675(b)(1); 19 C.F.R. §§ 351.216(d), 351.222(g)(2). Adopting Houston's argument that the submission of *any* new information compels the initiation of a CCR would strip these threshold requirements of any effect. Houston's argument renders the statutory and regulatory requirements for Commerce's consideration of a CCR request superfluous and therefore should be rejected.

Second, Commerce rationally applied the threshold CCR initiation standards to Houston's assertions concerning domestic production and industry interest and found that Houston had not substantiated its challenge to CAMP's certified representations and thus did not demonstrate sufficient changed circumstances sufficient to warrant a CCR. Houston's mere disagreement with Commerce is not a sufficient basis for this Court to disturb Commerce's rational findings and for this Court to order Commerce to undertake a CCR.

Third, Commerce reasonably explained its findings and Commerce's decisional path is clear with respect to Houston's domestic-production and industry-interest theories. CAMP certified that its members produced wood shutter components and maintained a significant interest in continued coverage. Because Houston identified no CAMP members that supported the request and submitted no statements from those members, Commerce had a basis for finding that Houston had not substantiated its challenge to CAMP's expressed interest. Moreover, Commerce identified the governing threshold, considered CAMP's certified representations,

found Houston's contrary assertions unsubstantiated, and explained that the domestic industry need not manufacture every permutation or model of the domestic like product.

## ARGUMENT

### I. Standard For Judicial Review

The Court reviews this action under the standard set forth in the Administrative Procedure Act because it was commenced under 28 U.S.C. § 1581(i). 28 U.S.C. § 2640(e); 5 U.S.C. § 706. The Court must set aside agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A); *Consol. Bearings Co. v. United States*, 412 F.3d 1266, 1269 (Fed. Cir. 2005). Commerce's reasoning need not be perfect, but the basis for its decision must be reasonably discernible to the reviewing Court. *See NMB Singapore Ltd. v. United States*, 557 F.3d 1316, 1319, 1323 (Fed. Cir. 2009). The Court independently resolves questions of statutory interpretation while reviewing Commerce's exercise of any authority Congress assigned to it for reasoned decision-making within the statute's boundaries. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 391-96, 412-13 (2024).

### II. Commerce Reasonably Determined That Houston Did Not Show Changed Circumstances Sufficient To Warrant Review

#### A. 19 U.S.C. § 1675(b)(1) Requires A Sufficient Showing, Not Merely New Information

Section 1675(b)(1) of title 19 of the U.S. Code directs Commerce to conduct a CCR when it receives information or a request from an interested party that "shows changed circumstances *sufficient* to warrant a review" of a covered determination or agreement. 19 U.S.C. § 1675(b)(1) (emphasis added). Commerce's regulation further provides that Commerce will conduct a review if it decides that changed circumstances "*sufficient* to warrant a review exist." 19 C.F.R. § 351.216(d) (emphasis added). For a CCR request that seeks revocation, Commerce's regulation provides that Commerce may conduct a CCR if the available information

indicates that changed circumstances sufficient to warrant revocation may exist. *Id.* § 351.222(g)(2). These provisions together establish a preliminary threshold that Commerce uses to evaluate whether a CCR is warranted. The mere existence of a newly assembled submission or the submission of new information is not dispositive with respect to the inquiry of whether that submission or information would be sufficient to initiate a CCR that ultimately seeks revocation as a result. *See Shantou Red Garden Food Processing Co. v. United States*, No. 20-03947, 2023 WL 3563205, at *16 (Ct. Int'l Trade May 12, 2023) (Commerce is authorized to "initiate a changed circumstances review 'whenever' it receives information, or a request, *sufficient to warrant such review*.") (emphasis added) (internal citation omitted); *see also Sahaviriya Steel Indus. Pub. Co. v. United States*, 33 C.I.T. 140, 153 (2009) ("{O}ne of the mechanisms by which Commerce has chosen to administer sections 1675(b) and (d) is 19 C.F.R. § 351.222."). Moreover, a party's ultimate burden during a review of establishing that revocation is warranted is distinct from the preliminary showing required to initiate a review. *Compare* 19 U.S.C. § 1675(b)(3)(A), *with* 19 C.F.R. § 351.222(g)(2); *see also Gov't of Argentina v. United States*, 542 F. Supp. 3d 1380, 1390–91 (Ct. Int'l Trade 2021). Commerce rationally determined here that Houston failed to make a preliminary showing.

Houston's argument that the mere submission of new information necessarily satisfies the preliminary showing required to initiate a CCR misses the mark. In its opening brief, Houston parses the terms "sufficient," "change," and "circumstance" and isolates these terms from the full statutory phrase. Pl. Br. 11-13. That approach is inconsistent with the Federal Circuit's instruction to interpret a statutory phrase as a unit, rather than break it into its component words and recombine separate dictionary definitions. *See Tippins v. United States*, 93 F.4th 1370, 1374-76 (Fed. Cir. 2024) (rejecting an interpretation that treated a statutory phrase as the sum of

separately defined words); *see also FCC v. AT&T Inc.*, 562 U.S. 397, 406 (2011) (recognizing that words used together may have a more particular meaning than when considered separately). The relevant question is not simply whether Houston's submission was different from the investigation record in some sense. It is whether the asserted change was *sufficient* to warrant the requested review and, for partial revocation, whether the available information indicated that changed circumstances sufficient to warrant revocation may exist. *See* 19 U.S.C. § 1675(b)(1); 19 C.F.R. §§ 351.216(d), 351.222(g)(2). And whether a changed circumstance is "sufficient" to initiate a CCR is an open-ended inquiry that is inherently discretionary. *See Garg Tube Exp. LLP v. United States*, 740 F. Supp. 3d 1355, 1366 (Ct. Int'l Trade 2024) ("Congress may give an agency flexibility by its use of open-ended terms") (citing *Loper Bright*, 603 U.S. at 395). Congress specifically delegated authority to Commerce to determine whether the facts of a particular case meet the 'sufficiency' standard and this Court must sustain Commerce's exercise of that authority where it acted reasonably, as Commerce did here.

Houston argues that its post-investigation submission necessarily constituted changed circumstances because it included information that Lanzhou did not submit in the initial investigation and materials developed after the orders. Pl. Br. 11-13. New information potentially may demonstrate changed circumstances, but newness alone does not answer whether the asserted change is sufficient to warrant initiation of the requested review or whether the available information indicates that circumstances sufficient to warrant revocation may exist. Treating every new submission as independently sufficient would read the statutory phrase "sufficient to warrant a review" out of section 1675(b)(1) and the corresponding threshold out of sections 351.216(d) and 351.222(g)(2). Moreover, holding that the presentation of any "new"

information as sufficient to compel initiation of a changed circumstances review could greatly expand the number of required administrative proceedings handled by Commerce.

The Federal Circuit's decision in *All One God Faith* confirms that the sufficiency requirement performs meaningful work. *All One God Faith, Inc. v. United States*, 129 F.4th 1350, 1358-59 (Fed. Cir. 2025). Although that case concerned Customs' decision not to refer an asserted changed circumstances issue to Commerce in an evasion proceeding, the court held that refusal was not an abuse of discretion where the record did not plausibly support the alleged change in domestic production. *Id*. at 1358-59. The decision does not resolve the distinct technical evidence here, but it rejects the premise that an allegation of changed circumstances, without record support sufficient to satisfy the statutory threshold, compels review.

Although Houston argues that its CCR request established changed circumstances because it contained information not submitted during the investigations and new material prepared or published afterward, Pl.'s Br. at 12-13, Commerce did not reject the request merely because the information was submitted after the investigations. It identified the governing threshold, considered CAMP's certified contrary representations, addressed Houston's challenge to those representations, and concluded that Houston had not demonstrated changed circumstances sufficient to warrant review. *See* Determinations; Houston's Response at 2 (July 31, 2024) (Houston Response) (P.R. 34); CAMP Refiled Opposition, Ex. 1 at 2 (P.R. 36). This is a discretionary and well-explained determination that this Court cannot second-guess.

Houston argues that the Court previously "recognized" that its CCR request contained "a plethora of fresh information documenting the propriety of conducting a CCR." Pl.'s Br. at 12 (citing *Houston Shutters LLC v. United States*, 816 F. Supp. 3d 1349, 1355–56 (Ct. Int'l Trade 2026)). But the Court's jurisdictional ruling did not determine whether that information

established changed circumstances sufficient to warrant a review under 19 U.S.C. § 1675(b)(1). Instead, the Court determined only that Houston had plausibly alleged a challenge to Commerce's denial of its CCR request and that the defendant's contrary arguments would require consideration of the administrative record and the merits of Commerce's determination. *See Houston Shutters*, 816 F. Supp. 3d at 1355-56. The Court expressly cautioned: "Just because Houston has pled sufficient information to meet the plausibility standard does not mean that Houston will prevail on the merits. *Id.* The Court therefore permitted Houston's challenge to proceed under 28 U.S.C. § 1581(i) but did not decide whether Houston's information satisfied 19 U.S.C. § 1675(b)(1) or whether Commerce was required to initiate a review. *Id.*

B. Houston's Cited Prior CCR Examples Do Not Establish A Practice Requiring Initiation Here

The prior proceedings cited by Houston do not establish a Commerce practice requiring initiation whenever a requester proposes a product exclusion and seeks relief for unliquidated entries. Those cited all concern the availability of retroactive relief after Commerce conducts a CCR or related proceeding, not the predicate showing required *to initiate* a review. Specifically, Houston cites proceedings in which Commerce applied, or was directed to consider applying, exclusions to unliquidated entries. *See* Pl. Br. 6, 18-19 (citing *Steel Wire Garment Hangers From the People's Republic of China: Final Results of Changed Circumstances Review, and Revocation in Part of Antidumping Duty Order*, 74 Fed. Reg. 50,956 (Oct. 2, 2009); *Certain Hardwood Plywood Products From the People's Republic of China: Final Results of Changed Circumstances Reviews, and Revocation of the Antidumping and Countervailing Duty Orders in Part*, 86 Fed. Reg. 29,562, 29,564–65 (June 2, 2021); *Itochu Bldg. Prods. v. United States*, 733 F.3d 1140, 1145–48 (Fed. Cir. 2013). Those authorities show that retroactive relief may be available after Commerce conducts a changed circumstances review or related proceeding. They

do not establish a practice requiring initiation whenever a requester proposes a product exclusion and seeks relief for unliquidated entries.

Commerce must explain a departure when it has consistently followed a contrary practice in materially similar circumstances. *Consol. Bearings Co. v. United States*, 348 F.3d 997, 1007 (Fed. Cir. 2003). Houston has not identified a materially similar proceeding in which Commerce initiated a product-exclusion review despite certified representations that the domestic industry produced the merchandise and maintained an interest in its continued coverage. Determinations; CAMP Refiled Opposition, Ex. 1 at 2. The cited proceedings therefore do not establish that Commerce departed from a practice governing the circumstances presented here.

The *NART* decisions are distinguishable. There, the sole domestic producer supported revocation, and Commerce did not deny initiation because the request failed to show changed circumstances; Commerce instead asserted that it could not revoke an order retroactively for entries covered by a completed administrative review. *See Trs. in Bankr. of N. Am. Rubber Thread Co. v. United States*, 533 F. Supp. 2d 1290, 1292–95 (Ct. Int'l Trade 2007) (*NART I*). Here, CAMP opposed the proposed exclusion and certified that its members produced wood shutter components and retained an interest in continued coverage, while Houston identified no supporting CAMP members or statements. Houston's Response at 2; CAMP Refiled Opposition, Ex. 1 at 2. The Federal Circuit later addressed only jurisdiction and judicial estoppel; it did not review *NART I's* agency-practice analysis. *Trs. in Bankr. of N. Am. Rubber Thread Co. v. United States*, 593 F.3d 1346, 1351–57 (Fed. Cir. 2010). Thus, *NART* does stand for the proposition that Commerce was required to initiate on this record.

## III. Commerce Did Not Treat Lack Of Domestic-Industry Interest As An Exclusive Legal Prerequisite To Initiation

### A. The Initiation And Revocation Provisions Perform Related But Distinct Functions

Houston argues that Commerce treated a lack of interest by the domestic industry as a legal prerequisite to initiating any CCR seeking partial revocation. Pl. Br. at 13-16. However, the determinations do not state that lack of domestic-industry interest is the exclusive circumstance that can support initiation. *See* Determinations. Commerce discussed domestic production and interest because Houston sought partial revocation, asserted in its request that wood shutter components were not produced domestically, and separately challenged CAMP's expressed interest after CAMP opposed the review. *See* CCR Request at 35; Houston's Response at 2; s*ee also* 19 U.S.C. §§ 1675(d)(1), 1677m(h)(2); 19 C.F.R. § 351.222(g)(1).

Section 1675(b)(1) supplies the general initiation standard. If the review supports revocation, section 1675(d)(1) authorizes Commerce to revoke an order, in whole or in part, based on the results of that review. 19 U.S.C. §§ 1675(b)(1), (d)(1). Section 1677m(h)(2) separately authorizes Commerce to revoke an order, in whole or in part, when producers accounting for substantially all domestic production express a lack of interest in the order. 19 U.S.C. § 1677m(h)(2). Lack of domestic-industry interest is one ground, but not the exclusive ground, for revocation. Under 19 C.F.R. § 351.222(g)(1), Commerce may revoke an order if substantially all domestic producers express a lack of interest or if other changed circumstances sufficient to warrant revocation exist. At initiation, Commerce conducts a review if available information indicates that changed circumstances sufficient to warrant revocation may exist. *Id.* § 351.222(g)(2); *see also* 19 C.F.R. § 351.216(d). Thus, it was appropriate for Commerce to address whether the domestic industry still had an interest in maintaining the orders. And Commerce's discussion of domestic industry interest did not contain legal error or otherwise imply that domestic industry interest in the order was the sole focus of the CCR initiation inquiry.

Likewise, Houston's *Loper Bright* argument addresses a premise that Commerce did not adopt and which the United States does not advance. The United States does not ask the Court to defer to an interpretation making section 1677m(h)(2) an exclusive prerequisite to initiating a CCR. The best reading of 19 U.S.C. §§ 1675(d)(1) and 1677m(h)(2) is that lack of domestic industry interest is but one basis for revocation, albeit the most common basis. Other changed circumstances can also warrant revocation, and initiation of a CCR requires available information indicating that circumstances sufficient to warrant revocation may exist. And Commerce determined that Houston failed to make a sufficient factual showing on the record that such circumstances may indeed exist.

Houston's arguments concerning a negative inference from section 351.216(c) also attacks a position that Commerce did not adopt. Pl. Br. at 15. Section 351.216(c) requires good cause for a request to initiate a CCR filed within 24 months of the final determination; it does not state that a request filed later than 24 months following the final determination automatically satisfies the independent initiation standards in sections 351.216(d) and 351.222(g)(2).

Accordingly, Houston was not required to establish that the domestic industry lacked interest if it demonstrated other changed circumstances that might warrant partial revocation. But the availability of an alternative basis for revocation did not make CAMP's position irrelevant. Houston asserted in its request that wood shutter components were not produced domestically. *See* CCR Request at 35-40. In responding to CAMP, Houston separately stated that it had "reason to doubt" CAMP's representation that its members remained interested in continued coverage. Houston's Response at 2. CAMP disputed both propositions. CAMP Refiled Opposition, Ex. 1 at 2. Commerce therefore reasonably considered CAMP's position

when determining whether Houston had substantiated the asserted change in domestic-industry circumstances. *See* Determinations.

B. CAMP's Certified Opposition Was Relevant To Whether Houston Made The Required Showing

CAMP's opposition directly contradicted Houston's assertions concerning domestic production and continued industry interest. *Compare* CCR Request at 35 and Houston's Response at 2, *with* CAMP Refiled Opposition, Ex. 1 at 2. CAMP certified that its members manufactured wood shutter components, remained concerned about the proposed exclusion, and maintained a significant interest in continued coverage. CAMP Refiled Opposition, Ex. 1 at 2. Commerce found that Houston had not submitted substantiated evidence contrary to CAMP's expressed interest. *See* Determinations.

That finding concerned interest, not whether Houston had submitted technical information. Houston said that unnamed CAMP members with which it recently communicated supported the review or declined to take a position, but Houston did not identify such members and submitted no statements or declarations for Commerce to consider. Houston's Response at 2. On that record, Commerce had a basis for finding that Houston had not substantiated its challenge to CAMP's expressed interest. CAMP Refiled Opposition, Ex. 1 at 2; Houston's Response at 2; Determinations at 2. Indeed, Commerce's stated analysis addressed the lack-of-industry-interest basis under 19 C.F.R. § 351.222(g)(1)(i).

Commerce has previously explained that, although petitioners must produce the domestic like product, they "need not produce every permutation or model of the domestic like product." *Notice of Final Determination of Sales at Less Than Fair Value: Circular Seamless Stainless Steel Hollow Products from Japan*, 65 Fed. Reg. 42,985 (Dep't of Commerce July 12, 2000), and accompanying IDM at 5, Comment 1. The determinations applied that principle to Houston's

assertion that specific wood shutter components were not produced domestically. *See* Determinations at 2. Here, the Court should sustain Commerce's application of that standard and the proper determination that Houston had not demonstrated changed circumstances sufficient to warrant revocation.

**IV. Commerce's Explanation Was Rational And Its Decisional Path Is Discernible**

Commerce's explanation for why it did not initiate a CCR was concise and well-explained and its decisional path was clear. The Supreme Court recently confirmed that even "{a} relatively brief agency explanation can be reasoned and detailed … courts should not insist on length as a prerequisite for finding an {agency explanation} to be detailed." *Seven Cnty. Infrastructure Coal. v. Eagle Cnty., Colorado*, 605 U.S. 168, 181 (2025). Here, Commerce identified the initiation threshold, considered CAMP's certified representations concerning domestic production and continued interest, found that Houston had not submitted substantiated evidence contrary to CAMP's expressed interest, and explained that the domestic industry need not manufacture every article or permutation covered by the orders. *See* Determinations. Commerce then concluded that Houston had not demonstrated changed circumstances sufficient to warrant the requested reviews. *Id.* at 2.

That sequence supplies the "rational connection between the facts found and the choice made." *Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc.*, 419 U.S. 281, 285-86 (1974) (citation omitted). Houston may disagree with the evidentiary significance that Commerce assigned to CAMP's certified position, but the Court may not substitute its judgment for Commerce's assessment if Commerce considered the relevant information and articulated a satisfactory explanation for its choice. *See Motor Vehicle Manufacturers Association of the United States, Inc. v. State Farm Mutual Automobile Insurance Co.*, 463 U.S. 29, 43 (1983).

Moreover, Commerce did not rely on CAMP's opposition as a categorical bar to initiation. It considered CAMP's opposition because it directly contradicted Houston's assertions concerning domestic production and the domestic industry's purported lack of continued interest in coverage. *Compare* CCR Request at 35-40, *with* CAMP Refiled Opposition, Ex. 1 at 2; *see also* Determinations.

Houston emphasizes the volume and content of its technical submission and argues that Commerce failed to discuss that evidence in painstaking detail. Pl. Br. 16–19. However, Commerce was not required to respond expressly to every non-dispositive argument or address each page of evidence; Commerce merely had to explain the basis for its decision and address material arguments sufficiently for the Court to discern its path. *See NMB Singapore*, 557 F.3d at, 1319, 1323; *State Farm*, 463 U.S. at 43; *see Seven Cnty. Infrastructure Coal.*, 605 U.S. at 181 ("{T}he question of whether a particular report is detailed enough in a particular case itself requires the exercise of agency discretion—which should not be excessively second-guessed by a court. Brevity should not be mistaken for lack of detail.").

Because Commerce determined that Houston failed to meet its threshold burden to establish whether there may exist changed circumstances sufficient to initiate a CCR, Commerce was not required to independently assess the merits of Houston's schematics, videos, or industry materials.

Nevertheless, if the Court concludes that Commerce was required to address Houston's technical and administrability evidence more expressly or expansively, the appropriate remedy is remand so that Commerce may provide further explanation or reconsider the requests in the first instance. *See Fla. Power & Light, Co. v. Lorion*, 470 U.S. 729, 744 (1985); *GreenFirst Forest Prods. v. United States*, 604 F. Supp. 3d 1368, 1373-74 (Ct. Int'l Trade 2022). Such a remand

would preserve Commerce's role and avoid having the Court evaluate the technical record or compel initiation.

## CONCLUSION

For these reasons, we respectfully request that the Court deny Houston's motion and sustain Commerce's determinations in their entirety and enter final judgment in favor of the United States.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

CLAUDIA BURKE
Deputy Director

s/ Brendan D. Jordan
BRENDAN D. JORDAN
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-0342
Email: brendan.d.jordan@usdoj.gov

*Attorneys for Defendant*

OF COUNSEL:

Brien Stonebreaker
Attorney
U.S. Department of Commerce
Office of the Chief Counsel for
Trade Enforcement & Compliance
Washington, D.C. 20230

Date: September 23, 2026

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the word limitation of set forth in the Court's Court of International Trade Standard Chambers Procedures § 2(B)(1) and contains 4753 words, excluding the parts of the brief exempted from the word limitation. In preparing this certificate of compliance, I have relied upon the word count function of the word processing system used to prepare the brief.

s/ Brendan D. Jordan

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE LEO M. GORDON, SENIOR JUDGE**

| | | |
|---|---|---|
| HOUSTON SHUTTERS LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | Court No. 24-00193 |
| UNITED STATES, | ) | |
| Defendant. | ) | |

**ORDER**

On consideration of plaintiff's motion for judgment on the administrative record, defendant's response, and all other pertinent papers, it is hereby

ORDERED that the motion is denied; and is further

ORDERED that judgment is entered for the United States.

Dated: ________________
New York, NY

________________________________________
JUDGE